**In re AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA.**

No. 10–07–00252–CV.

Court of Appeals of Texas, Waco.

Sept. 19, 2007.

Paul J. Van Osselaer, Van Osselaer, Cronin & Buchanan, LLP, Austin, TX, for Appellant/Relator.

Donald C. McLeaish, McLeaish & Associates, PC, Duncanville, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

American Casualty Company of Reading, Pennsylvania seeks a writ of mandamus compelling Respondent, the Honorable Gene Knize, Judge of the 40th District Court of Ellis County, to set aside an order granting a motion by the real parties in interest to lift an abatement order and permit discovery in the underlying suit. We will conditionally grant the relief requested.

## Background

Belinda Parker–Jett and her husband Tim filed suit in 2003 against American Casualty, a workers compensation insurance carrier, alleging that American Casualty had improperly delayed or denied payment of medical benefits and other expenses incurred for a work-related injury suffered by Parker–Jett. They alleged claims for breach of contract, deceptive trade practices, unfair insurance practices, and breach of the duty of good faith and fair dealing. They later requested an abatement of the suit pending resolution of administrative proceedings before the Texas Workers' Compensation Commission[1] regarding American Casualty's denial of reimbursement for mileage and prescription medications and its denial of coverage for psychological treatment. Respondent granted this request in August 2004, ordering that the suit be abated "until such time as Plaintiff has fully and completely exhausted her administrative remedies."

The plaintiffs filed a motion to lift the abatement order in April 2007, stating that "all remedies have been exhausted." American Casualty filed a response opposing any lifting of the abatement order. American Casualty advised Respondent that the plaintiffs were still pursuing an appeal in a Dallas County district court of an adverse administrative decision by the Division on their claim regarding coverage for psychological treatment, that the claim regarding reimbursement for prescription medications remained pending before the Division, and that plaintiffs' counsel had agreed that they were not entitled to reimbursement for mileage.

At a hearing on the motion to lift the abatement order, American Casualty reiterated these contentions, and the plaintiffs did not refute them. Instead, plaintiffs' counsel argued, "We've had this abated since 2004. We believe we need to move forward on this case. It's been three years now, and there's a good chance discoverable materials are not going to be available anymore." Over American Casualty's objection, Respondent advised that he would lift the abatement order "as to any discovery." Respondent's written order provides in pertinent part, "ORDERED that the abatement of this lawsuit is lifted with respect to the parties' ability to conduct discovery only. For all purposes other than discovery, the suit remains abated."

## Abuse of Discretion

Mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Tex. Dep't of Family & Protective*

---

1. Effective September 1, 2005, the Texas Workers' Compensation Commission was abolished and its rules and duties were transferred to the Texas Department of Insurance, Division of Workers' Compensation. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 8.001(b), 8.004(a), 2005 Tex. Gen. Laws 469, 607–08. Hereinafter, we refer to this agency (both in its present and former configurations) as "the Division."

*Servs.,* 210 S.W.3d 609, 612 (Tex.2006) (orig.proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.proceeding).

■ The parties do not disagree that the principles enunciated in *American Motorists Insurance Co. v. Fodge* and similar cases govern the abatement procedures in this case. 63 S.W.3d 801 (Tex.2001). In that case, the Supreme Court held that a compensation claimant cannot prosecute a suit for benefits and damages resulting from a denial of benefits without a prior determination by the Division that she is entitled to those benefits. *See id.* at 804–05. This is because the Division has exclusive jurisdiction to determine a claimant's entitlement to benefits. *Id.* at 804; *see also Tex. Mut. Ins. Co. v. Tex. Dep't of Ins.,* 214 S.W.3d 613, 619 (Tex.App.-Austin 2006, no pet.); *Tex. Mut. Ins. Co. v. Sonic Sys. Int'l, Inc.,* 214 S.W.3d 469, 480 (Tex. App.-Houston [14th Dist.] 2006, pet. denied); *Roskey v. Continental Cas. Co.,* 190 S.W.3d 875, 880 (Tex.App.-Dallas 2006, pet. denied).

■ When a plaintiff files suit related to claims lying within the exclusive jurisdiction of the Division which the Division has not yet finally resolved, "the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured." *Am. Motorists Ins.,* 63 S.W.3d at 805; *accord In re Tex. Mut. Ins. Co.,* 157 S.W.3d 75, 82–83 (Tex.App.-Austin 2004, orig. proceeding). The Supreme Court later explained in more detail how this abatement procedure relates to the trial court's jurisdiction in a case involving the Texas Motor Vehicle Board and claims arising under the exclusive jurisdiction of the Texas Motor Vehicle Commission Code.

McDavid must exhaust its administrative remedies before the trial court determines the damages arising from McDavid's Code-based claims. Until McDavid exhausts its administrative remedies to obtain final Board findings on the Code issues, the trial court lacks subject matter jurisdiction to try the alleged damages arising from McDavid's Code-based claims.

*Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 227 (Tex. 2002).

■ Applying the *Subaru* analysis to the present case, "the trial court lacks subject matter jurisdiction" to try the plaintiffs' claims until the plaintiffs have exhausted their administrative remedies with the Division. *Id.* It is undisputed that the plaintiffs have not yet exhausted their administrative remedies. Therefore, because "the trial court lacks subject matter jurisdiction," Respondent abused his discretion by lifting the abatement order to permit discovery.

### Adequate Remedy

■ American Casualty argues that it has no adequate remedy by appeal because Respondent has refused to fully abate claims for which the Division still has exclusive jurisdiction. As we have explained, the trial court lacks subject matter jurisdiction over the claims of the real parties in interest. Thus, we must decide whether American Casualty has an adequate remedy by appeal to challenge Respondent's order permitting discovery in a case in which Respondent has not yet acquired (and may not ever acquire) subject matter jurisdiction.

In *Prudential Insurance,* the Supreme Court explained that the determination of whether a litigant has an *adequate* remedy "resists categorization." 148 S.W.3d at 136.

Mandamus review of significant rulings in exceptional cases may be essential to

preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.

This determination is not an abstract or formulaic one; it is practical and prudential. It resists categorization, as our own decisions demonstrate. Although this Court has tried to give more concrete direction for determining the availability of mandamus review, rigid rules are necessarily inconsistent with the flexibility that is the remedy's principal virtue.

*Id.*

Thus, in a case procedurally similar to this one, the Beaumont Court of Appeals granted mandamus relief from an order requiring defendants to submit to depositions even though the court had ordered the parties to arbitration in parallel litigation. *See In re Ghanem*, 203 S.W.3d 896, 900 (Tex.App.-Beaumont 2006, orig. proceeding).

This case is also procedurally similar to innumerable arbitration cases in which it has been held that a party has no adequate remedy by appeal when it is wrongfully denied the benefits of its agreement to arbitrate. *See, e.g., In re Dallas Peterbilt, Ltd.*, 196 S.W.3d 161, 163 (Tex.2006) (per curiam) (orig.proceeding); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex. 1992) (orig.proceeding).

As a carrier in the workers' compensation system, American Casualty has a statutory expectation that claims will be administratively determined by the Division before litigation may be pursued. Absent mandamus relief, American Casualty will be deprived of the benefits of the workers' compensation system. *Cf. Jack B. Anglin Co.*, 842 S.W.2d at 272–73 ("Absent mandamus relief, Anglin would be deprived of the benefits of the arbitration clause it contracted for, and the purpose of providing a rapid, inexpensive alternative to traditional litigation would be defeated."). Therefore, we hold that American Casualty has no adequate remedy by appeal.

### Conclusion

We conditionally grant the requested writ of mandamus. The writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has vacated the order he signed on August 3, 2007 lifting the abatement order so the parties could conduct discovery.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The events giving rise to the plaintiffs' suit against American Casualty have fully matured. There was a prior suit for benefits that was settled. The suit underlying this proceeding includes claims for the alleged improper denial of benefits that caused that prior suit to be filed. Discovery, with regard to that claim, indeed trial, could go forward with the usual defenses, etc.

But subsequent to the events that resulted in the first settlement regarding benefits, the plaintiffs sought additional benefits, *i.e.*, made new claims for additional or different benefits. Plaintiffs also filed the underlying suit regarding their

prior claim for benefits. The parties agreed to an abatement of the underlying suit pending an administrative resolution of the new claims for additional benefits. The new claims for additional benefits have not yet been fully resolved.

The issue presented by the plaintiffs to the trial court is whether they should be allowed to go forward with discovery in their pending suit, or should they continue to wait for a resolution of the new claims for benefits. If the new claims for benefits are resolved favorably to the plaintiffs in the administrative proceeding, it appears the plaintiffs intend to add claims to the underlying suit for the wrongful denial of those benefits.

The record shows that what the plaintiffs want to do is go forward on their existing and ripe allegations and no longer wait for the administrative disposition of new claims that may give rise to additional allegations of breaches of duties owed by the carrier. The trial court exercised its discretion and lifted the abatement, but stopped short of lifting it for all purposes as the plaintiffs had requested, by lifting the abatement only for discovery, not for trial.

The relator specifically asked if that included discovery as to the new claims for benefits over which the court does not yet have jurisdiction. The court responded, "You can if you want to. You don't have to if you don't want to."

If the plaintiffs seek discovery that is beyond the scope of their existing allegations that are ripe for resolution in the underlying proceeding, the relator will have the legal remedy available to ask the trial court to limit the scope of discovery. Review of the ruling on that prospective motion must wait for another day.

I find nothing about the court's partial lifting of the abatement order to permit discovery on existing and ripe allegations of plaintiffs' case that was an abuse of discretion. Further, I find that if the plaintiffs attempt to expand discovery beyond its proper scope, the relator would have an adequate legal remedy that has not yet been exercised.

I would not grant, conditionally or otherwise, relator's petition for writ of mandamus. Accordingly, I respectfully dissent.