

# IN THE
## TENTH COURT OF APPEALS

No. 10-07-00271-CV

CHRISTOPHER BESTOR,

Appellant

v.

SERVICE LLOYDS INSURANCE COMPANY,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 07-000232-CV-272

# O P I N I O N

Christopher Bestor was injured on the job on August 6, 2002 and reported it to his employer, Tom Light Chevrolet, Inc. Service Lloyds Insurance Company, the workers' compensation carrier for Tom Light, received written notice of Bestor's injury on August 12 and began providing Bestor with workers' compensation benefits.

On January 29, 2003—more than sixty days after receiving notice—Service Lloyds disputed Bestor's claim on the ground that his condition was preexisting. Bestor prevailed in a contested administrative hearing and in Service Lloyds's administrative

appeal based in part on a ruling that Service Lloyds did not contest the compensability of Bestor's injury within sixty days and thus waived its right to contest compensability. *See* TEX. LAB. CODE ANN. § 409.021(c) (Vernon 2006). During the administrative process, Bestor's attorney was awarded and was paid attorney's fees in the amount of $11,868.02, but those payments were paid directly to Bestor's attorney out of Bestor's benefits, *i.e.,* by deducting them from Bestor's recovery. *See id.* § 408.221(b) ("Except as provided by Subsection (c) or Section 408.147(c), the attorney's fee shall be paid from the claimant's recovery."); *see also Travelers Indem. Co. v. Mayfield,* 923 S.W.2d 590, 593 (Tex. 1995).

Service Lloyds then sought judicial review of the administrative appeal ruling, and Bestor obtained summary judgment in his favor and was awarded attorney's fees for that litigation. *See* TEX. LAB. CODE ANN. § 408.221(c) (providing for carrier's liability for claimant's attorney's fees if claimant prevails in carrier's action for judicial review). Service Lloyds did not appeal the summary judgment.

Bestor filed this suit against Service Lloyds to recover the administrative attorney's fees of $11,868.02 that were deducted from Bestor's recovery of workers' compensation benefits. His petition alleges a cause of action for breach of contract and seeks recovery of the $11,868.02 as special damages. Service Lloyds filed a motion to dismiss for lack of jurisdiction, asserting that the trial court lacked subject-matter jurisdiction because Bestor had not exhausted his administrative remedies relating to the $11,868.02 before the Texas Workers' Compensation Commission (now the Texas Department of Insurance, Division of Workers' Compensation). The trial court granted

Service Lloyds' motion to dismiss and dismissed the suit. Service Lloyds also filed a motion for summary judgment on the ground that Bestor was not entitled to recover those attorney's fees as damages for breach of contract as a matter of law because subsection 408.221(b) mandates that attorney's fees in a worker's compensation case are payable out of the claimant's recovery, and the trial court alternatively granted that motion.

Bestor contends in his first issue that his breach of contract claim is not barred by the workers' compensation exclusivity provision and that the trial court has subject-matter jurisdiction over his breach-of-contract claim.

Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Texas Natural Resources Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject-matter jurisdiction. *Texas Ass'n Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

Bestor's breach-of-contract theory begins with the correct assertion that a workers' compensation insurance policy is a three-party contract between the carrier, the employer, and the employee. *See Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 212 (Tex. 1988). The carrier owes the employee a duty of good faith and fair dealing: a duty on the part of the carrier to deal fairly and in good faith with an injured employee in the processing of a worker's compensation claim. *See id.* at 212-13. Bestor then latches on to *Aranda's* statement that "accompanying every contract is a common law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be

done, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract." *Id.* at 212 (quoting *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 157, 204 S.W.2d 508, 510 (1947)). Bestor thus concludes, based on *Aranda* and *Arnold v. Nat'l County Mut. Fire Ins. Co.,* that he can bring a breach-of-contract claim to recover the attorney's fees as special damages and that he need not have exhausted his administrative remedies because those damages arose from the contractual relationship, rather than from his on-the-job injury.[1] *Arnold v. Nat'l County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 168 & n.1 (Tex. 1987) (recognizing that both a breach-of-contract claim on an insurance policy and a claim for breach of duty of good faith and fair dealing can be brought by insured), *modified on other grounds by Murray v. San Jacinto Agency,* 800 S.W.2d 826, 829 (Tex. 1990), and *Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48 (Tex. 1997).

Bestor's theory has some logic to it, but it nevertheless must yield to the requirement that he have exhausted his claim administratively.

> Texas district courts have "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases [in which jurisdiction is] conferred . . . on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8 (emphasis added). An

---

[1] At the hearing on Service Lloyds' plea to the jurisdiction, Bestor's attorney candidly admitted that the breach-of-contract cause of action was a variation of a bad-faith cause of action, that the two claims' underlying principle (unreasonable denial of a claim) is the same, but that he is pursuing it simply as a breach-of-contract claim. His petition reads likewise:

> The decision of [Service Lloyds] to dispute the compensability of [Bestor's] claimed lower back injury over sixty (60) days after [Service Lloyds'] first written notice of [Bestor's] claim was legally erroneous in that under Section 409.021, Texas Labor Code, there is a strict sixty (60) day time limit for making such disputes. Despite its knowledge of these clear, well established statutory standards, [Service Lloyds] breached the aforesaid insurance contract by wrongfully disputing the compensability of [Bestor's] claimed lower back injury. As a result of such wrongful dispute, it was necessary for [Bestor] to secure the services of an attorney to defend himself from [Service Lloyds'] legally erroneous dispute before the Texas Department of Insurance, Division of Worker's Compensation.

administrative agency has exclusive jurisdiction when the Legislature grants it the sole authority to make an initial determination in a dispute; in such matters, a complaining party must exhaust administrative remedies before seeking review in district court. *In re Entergy Corp.,* 142 S.W.3d 316, 321-22 (Tex. 2004). Until the party has satisfied the exhaustion requirement, the trial court lacks subject-matter jurisdiction and must dismiss without prejudice those claims within the agency's exclusive jurisdiction. *Subaru of Am. v. David McDavid Nissan,* 84 S.W.3d 212, 221 (Tex. 2002).

*Blue Cross Blue Shield of Tex. v. Duenez,* 201 S.W.3d 674, 675 (Tex. 2006).

"Under the exclusive jurisdiction doctrine, the Legislature grants an administrative agency the sole authority to make the initial determination in a dispute." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex. 2002). If an agency has exclusive jurisdiction, courts have no subject matter jurisdiction over the dispute until the party has exhausted all of the administrative remedies within the agency. *See In re Entergy Corp.,* 142 S.W.3d 316, 321-22 (Tex. 2004); *Subaru of Am., Inc.,* 84 S.W.3d at 221. Absent subject matter jurisdiction, the trial court must dismiss any claim within the agency's exclusive jurisdiction. *See In re Entergy Corp.,* 142 S.W.3d at 322.

The Texas Workers' Compensation Act provides that the recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance for a work-related injury. *See* Tex. Lab. Code Ann. § 408.001(a) (Vernon 2006). "The Workers' Compensation Act vests the power to award compensation benefits solely in the Workers' Compensation Commission, subject to judicial review." *Am. Motorists Co. v. Fodge,* 63 S.W.3d 801, 803 (Tex. 2001) (citing *Saenz v. Fid. & Guar. Ins. Underwriters,* 925 S.W.2d 607, 612 (Tex. 1996)). *See* Tex. Lab. Code Ann. §§ 408.001(a), 410.168-.169, .203-.205, .208 (Vernon 2006).

*Roskey v. Continental Cas. Co.,* 190 S.W.3d 875, 880 (Tex. App.—Dallas 2006, pet. denied);

*see also American Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801, 804-05 (Tex. 2001); *In re Am.*

*Cas. Co. of Reading, Pa.,* 233 S.W.3d 925, 928 (Tex. App.—Waco 2007, orig. proceeding).

The determination of whether any type of claim is within the exclusive jurisdiction of the Commission depends on whether the claim is based on a claimant's entitlement to benefits. *See In re Texas Mut. Ins. Co.,* 157 S.W.3d 75, 81 (Tex. App.—Austin 2004, no pet.) (citing *Fodge,* 63 S.W.3d at

805). The issue is not whether a particular type of claim, such as a tort or statutory claim, is within the exclusive jurisdiction of the Commission. Rather, the determination of whether any type of claim is within the exclusive jurisdiction of the Commission depends on whether the claim is based on an alleged delay or denial of a workers' compensation benefit.

*Pickett v. Tex. Mut. Ins. Co.,* 239 S.W.3d 826, 835-36 (Tex. App.—Austin 2007, no pet.).

Based on the above, we hold that Bestor's claim for attorney's fees—whether grounded in contract or tort—is based on Service Lloyds' dispute of Bestor's entitlement to workers' compensation benefits and is thus within the Division's exclusive jurisdiction. Furthermore, a Division of Workers' Compensation administrative rule governs the procedure for contesting the award of attorney's fees in workers' compensation administrative proceedings. Rule 152.3 provides in part:

> (d) Except as provided in subsection (e) of this section, *an attorney, claimant, or carrier who contests the fee fixed and approved by the commission shall request a benefit contested case hearing.* The request shall be made by personal delivery or first class mail and be filed with the commission field office handling the claim or the central office of the commission no later than the 15th day after receipt of the commission's order. A claimant may request a hearing by contacting the commission in any manner no later than the 15th day after receipt of the commission's order. The contesting party other than a claimant shall send a copy of the request by personal delivery or first class mail to the carrier and the other parties, including the claimant and attorney.

> (e) *An attorney, claimant, or carrier who contests the fee ordered by a hearing officer after a benefit contested case hearing shall request review by the appeals panel* pursuant to the provisions of § 143.3 of this title (relating to Requesting the Appeals Panel To Review the Decision of the Hearing Officer).

28 TEX. ADMIN. CODE § 152.3(d, e) (emphases added).

Section 408.221 of the Labor Code, entitled "Attorney's Fees Paid to Claimant's Counsel," is also part of the Division's administrative scheme for the award of

attorney's fees to a claimant's attorney, and it provides in pertinent part:

> (a) An attorney's fee, including a contingency fee, for representing a claimant before the division or court under this subtitle must be approved by the commissioner or court.

> (b) Except as otherwise provided, an attorney's fee under this section is based on the attorney's time and expenses according to written evidence presented to the division or court. Except as provided by Subsection (c) or Section 408.147(c), *the attorney's fee shall be paid from the claimant's recovery*.[2]

TEX. LAB. CODE ANN. § 408.221(a, b) (emphasis added).

Therefore, in addition to Bestor's attorney's fee claim being based on Service Lloyds' dispute of Bestor's entitlement to workers' compensation benefits, a pervasive administrative and statutory scheme exists for the award and payment of a claimant's attorney's fees in the administrative phase of a workers' compensation proceeding.

Bestor was required to have exhausted administratively his attempt to have his administrative attorney's fees paid by Service Lloyds, rather than having them deducted from his recovery. *See Fodge,* 63 S.W.3d at 804-06; *Pickett,* 239 S.W.3d at 835-36, 838; *Roskey,* 190 S.W.3d at 880-81; *see also Duenez,* 201 S.W.3d at 675-76 (holding that claimant was required but failed to exhaust administrative remedies for declaratory judgment claim and attorney's fees over state employee's insurance coverage because that action and the injunction sought directly related to "payment of a claim").

The trial court lacked subject-matter jurisdiction over Bestor's claim for attorney's fees and properly granted Service Lloyd's motion to dismiss. We overrule

---

[2] Neither statutory exception applies to Bestor's claim.

Bestor's first issue and need not address his second issue relating to the trial court's alternative grant of summary judgment. The trial court's order dismissing Bestor's case is affirmed.


BILL VANCE
Justice


Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
     (Chief Justice Gray concurs in the judgment of the Court to the extent it affirms
     the trial court's judgment of dismissal. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed November 26, 2008
[CV06]