

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00340-CV

**LONNIE DONALDSON,**

Appellant

 **v.**

**SERVICE LLOYDS INSURANCE COMPANY,**

Appellee

---

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 25,306**

---

## MEMORANDUM OPINION

---

Lonnie Donaldson suffered a work-related injury in 1992 and was awarded worker's compensation benefits.  When he challenged his impairment rating, the Texas Department of Insurance Division of Worker's Compensation ("DWC") held a contested case hearing and rendered a decision.  Donaldson appealed, but the Appeals Panel dismissed the appeal as untimely.  In 2008, Donaldson, a Texas inmate, sued Service Lloyds Insurance Company, his employer's insurance carrier, for negligence and pain and suffering.  The trial court granted Lloyds's plea to the jurisdiction and

motion to dismiss. Donaldson appeals, arguing that: (1) he was denied a jury trial; (2) he was denied counsel; (3) he was not allowed to wear his "free world clothing" at the hearing on Lloyds' motion; (4) he failed to timely receive transcripts; (5) Lloyds used his status as an inmate to make him "look bad;" (6) no evidence was presented on his behalf at the contested case hearing and the DWC hearing officer improperly found that he failed to show cause for failure to appear at the hearing; and (7) Lloyds has denied medical treatment and payment. We affirm.

## ANALYSIS

The allegations in Donaldson's petition arise out of his 1992 injury. In its plea to the jurisdiction, Lloyds argued that: (1) the DWC has the sole authority to award compensation benefits; thus, the administrative process is Donaldson's exclusive remedy; and (2) Donaldson's suit for judicial review of an agency decision was not timely. In its motion to dismiss, Lloyds argued that Donaldson's lawsuit is frivolous under Chapter 14 of the Civil Practice and Remedies Code.

The Texas Workers' Compensation Act provides that the recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance for a work-related injury. *Roskey v. Continental Cas. Co.*, 190 S.W.3d 875, 880 (Tex. App.—Dallas 2006, pet. denied); *Bestor v. Serv. Lloyds Ins. Co.*, 276 S.W.3d 549, 553 (Tex. App.—Waco 2008, no pet.); *see Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804-05 (Tex. 2001); *see also* TEX. LAB. CODE ANN. § 408.001(a) (Vernon 2006). It "vests the power to award compensation benefits solely in the Workers' Compensation Commission, subject to judicial review." *Fodge*, 63 S.W.3d at 803.

Donaldson's suit arises out of the same injury for which he received benefits. The DWC, not the trial court or this Court, evaluates "disputes over income benefits, preauthorization of medical care, and reimbursement of medical expenses." *Id.* Donaldson's exclusive remedy is the recovery of worker's compensation benefits, not a common law personal injury claim.[1] *See Aguirre v. Vasquez*, 225 S.W.3d 744, 753 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("Section 408.001 of the Labor Code precludes employees or families of employees who have received Workers' Compensation benefits from asserting a common law claim for those injuries.").

Additionally, Donaldson filed a suit for judicial review against the DWC hearing officer, not Lloyds. To the extent that his pleadings against Lloyds may be construed as an attempt to seek judicial review, he must have sought judicial review within forty days of the Appeals Panel's filed decision, in this case September 2007. *See* TEX. LAB. CODE ANN. § 410.251 (Vernon 2006); *see also* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1209 (amended 2009) (current version at TEX. LAB. CODE ANN. § 410.252 (Vernon Supp. 2009)). He maintains that, in October 2007, he sued Lloyds in Brazos County. That suit, however, was dismissed. Our review consists solely of the Burleson County proceedings, which were not filed until May 2008, well beyond the forty-day time period for seeking judicial review.

Because the trial court lacked jurisdiction over Donaldson's claims, Lloyds' plea to the jurisdiction was properly granted and the trial court did not violate Donaldson's

---

[1] We also note that the two-year statute of limitations has run for filing a personal injury lawsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2002).

right to a jury trial by dismissing the lawsuit. *See Fort Bend County v. Martin-Simon*, 177 S.W.3d 479, 484 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("When a trial court learns that it lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from rendering a judgment on the merits."). Nor was the trial court required to appoint an attorney for Donaldson. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003) ("[W]e have 'never held that a civil litigant must be represented by counsel in order for a court to carry on its essential, constitutional function.'"). The record of the hearing contains no objection from Donaldson as to his "free world clothing." *See* TEX. R. APP. P. 33.1. Nor does the record support Lloyds' complaints regarding untimely receipt of transcripts or an intent to make him "look bad." Because the trial court properly granted Lloyds' plea to the jurisdiction, his lawsuit was properly dismissed on that basis and we need not address whether the trial court properly granted Lloyds' motion to dismiss as frivolous. We affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed November 10, 2009
[CV06]

*     (Chief Justice Gray concurs only in the judgment of the Court and only to the extent it affirms the trial court's judgment and assesses cost against Appellant. A separate opinion will not issue.)