IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00340-CV

 

Lonnie Donaldson,

                                                                                    Appellant

 v.

 

Service Lloyds Insurance Company,

                                                                                    Appellee

 

 

 



From the 21st District
Court

Burleson County, Texas

Trial Court No. 25,306

 



MEMORANDUM  Opinion



 








            Lonnie Donaldson suffered a
work-related injury in 1992 and was awarded worker’s compensation benefits.  When
he challenged his impairment rating, the Texas Department of Insurance Division
of Worker’s Compensation (“DWC”) held a contested case hearing and rendered a
decision.  Donaldson appealed, but the Appeals Panel dismissed the appeal as
untimely.  In 2008, Donaldson, a Texas inmate, sued Service Lloyds Insurance
Company, his employer’s insurance carrier, for negligence and pain and
suffering.  The trial court granted Lloyds’s plea to the jurisdiction and motion
to dismiss.  Donaldson appeals, arguing that: (1) he was denied a jury trial;
(2) he was denied counsel; (3) he was not allowed to wear his “free world
clothing” at the hearing on Lloyds’ motion; (4) he failed to timely receive
transcripts; (5) Lloyds used his status as an inmate to make him “look bad;”
(6) no evidence was presented on his behalf at the contested case hearing and
the DWC hearing officer improperly found that he failed to show cause for failure
to appear at the hearing; and (7) Lloyds has denied medical treatment and
payment.  We affirm.

ANALYSIS

The allegations in Donaldson’s petition
arise out of his 1992 injury.  In its plea to the jurisdiction, Lloyds argued
that: (1) the DWC has the sole authority to award compensation benefits; thus,
the administrative process is Donaldson’s exclusive remedy; and (2) Donaldson’s
suit for judicial review of an agency decision was not timely.  In its motion
to dismiss, Lloyds argued that Donaldson’s lawsuit is frivolous under Chapter
14 of the Civil Practice and Remedies Code.

The Texas Workers’ Compensation Act
provides that the recovery of workers’ compensation benefits is the
exclusive remedy of an employee covered by workers’ compensation insurance
for a work-related injury.  Roskey v. Continental Cas. Co., 190 S.W.3d 875, 880 (Tex. App.—Dallas
2006, pet. denied); Bestor
v. Serv. Lloyds Ins. Co.,
276 S.W.3d 549, 553 (Tex. App.—Waco 2008, no pet.); see Am. Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 804-05 (Tex.
2001); see also Tex.
Lab. Code Ann. § 408.001(a) (Vernon 2006).  It “vests the power to
award compensation benefits solely in the Workers’ Compensation Commission, subject
to judicial review.”  Fodge, 63 S.W.3d at 803.  Donaldson’s suit arises
out of the same injury for which he received benefits.  The DWC, not the trial court or this Court,
evaluates “disputes over income benefits, preauthorization of
medical care, and reimbursement of medical expenses.”  Id.  Donaldson’s
exclusive remedy is the recovery of worker’s compensation benefits, not a
common law personal injury claim.[1] 
See Aguirre v.
Vasquez, 225 S.W.3d
744, 753 (Tex. App.—Houston [14th Dist.] 2007, no pet.)  (“Section 408.001 of the Labor Code
precludes employees or families of employees who have received Workers’ Compensation benefits from
asserting a common law claim for those injuries.”).  

Additionally, Donaldson filed a suit for
judicial review against the DWC hearing officer, not Lloyds.  To the extent
that his pleadings against Lloyds may be construed as an attempt to seek
judicial review, he must have sought judicial review within forty days of the
Appeals Panel’s filed decision, in this case September 2007.  See Tex. Lab. Code Ann. § 410.251 (Vernon 2006); see also Act of May 12, 1993, 73d
Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1209 (amended 2009) (current
version at Tex. Lab. Code Ann. §
410.252 (Vernon Supp. 2009)).  He maintains that, in October 2007, he sued
Lloyds in Brazos County.  That suit, however, was dismissed.  Our review
consists solely of the Burleson County proceedings, which were not filed until May 2008, well beyond
the forty-day time period for seeking judicial review.

Because the trial court lacked
jurisdiction over Donaldson’s claims, Lloyds’ plea to the jurisdiction was
properly granted and the trial court did not violate Donaldson’s right to a
jury trial by dismissing the lawsuit.  See Fort Bend County v. Martin-Simon, 177 S.W.3d 479, 484 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (“When
a trial court learns that it lacks jurisdiction to hear a cause, the court must
dismiss the cause and refrain from rendering a judgment on the merits.”).  Nor
was the trial court required to appoint an attorney for Donaldson.  See Gibson v. Tolbert, 102 S.W.3d 710, 712 (Tex. 2003) (“[W]e have ‘never held that a civil litigant
must be represented by counsel in order for a court to carry on its essential,
constitutional function.’”).  The record of the hearing contains no objection
from Donaldson as to his “free world clothing.”  See Tex. R. App. P. 33.1.  Nor does the record support
Lloyds’ complaints regarding untimely receipt of transcripts or an intent to
make him “look bad.”  Because
the trial court properly granted Lloyds’ plea to the jurisdiction, his lawsuit
was properly dismissed on that basis and we need not address whether the trial
court properly granted Lloyds’ motion to dismiss as frivolous.  We affirm the
trial court’s judgment.

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed 

Opinion
delivered and filed November 10, 2009

[CV06]     

 

*           (Chief
Justice Gray concurs only in the judgment of the Court and only to the extent
it affirms the trial court’s judgment and assesses cost against Appellant.  A
separate opinion will not issue.)









[1]               We also
note that the two-year statute of limitations has run for filing a personal
injury lawsuit.  See Tex. Civ.
Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002).