NO. 07-08-0279-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

MARCH 25, 2010

______________________________

 

TEXAS MUTUAL INSURANCE COMPANY, 

 

                                                                                                            Appellant

 

v.

 

GOETZ INSURORS, INC. AND
GOETZ INSURORS, INC., 

AS
ASSIGNEE OF THE CLAIMS OF CATTLCO, INC., 

 

                                                                                                            Appellee

_______________________________

 

FROM THE 64TH DISTRICT
COURT OF SWISHER COUNTY;

 

NO. A-10810-05-11; HON. ROBERT W.
KINKAID, JR., PRESIDING

_______________________________

 

Opinion

_______________________________

 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Texas Mutual Insurance Company
(Texas Mutual) appeals from a final judgment wherein it claims that the trial
court erred in awarding attorney’s fees and prejudgment interest on attorney’s
fees to Goetz Insurors, Inc. and Goetz Insurors, Inc., as assignee of the
claims of Cattlco, Inc. (Goetz).  We
reverse in part.

Background

            The story before us is a long one
that started about seven years ago.  It
involves a feedlot, Cattlco, Inc., Stanley (a Cattlco employee), and Goetz (entities
in the business of providing insurance to Cattlco).  It begins with Goetz attempting to find
worker’s compensation insurance for Cattlco. 
The latter’s current policy was expiring and another was needed by December
31, 2002.  Texas Mutual was contacted via
an initial application for insurance sent on December 20, 2002.  Per correspondence from Texas Mutual, an
amended application was sent on December 30, 2002.  Accompanying it was a deposit for the
requisite insurance.  Both items were
received and the monies were deposited by Texas Mutual long before January 22,
2003.  The latter date is of import for
that is when Stanley broke his leg while on the job.  Nevertheless, Texas Mutual denied coverage,
contending that the policy had not been effective on that date.  Rather, it purportedly became effective on
February 1, 2003.  

            While Cattlco, Goetz, and Texas
Mutual quarreled over the policy’s effective date, Stanley’s medical needs necessitated
redress.  So, Cattlco and Goetz paid for
his care and settled any claims he may have had not only against Cattlco but
also Texas Mutual.  Cattlco then assigned
its claims against Texas Mutual for breach of contract and the like to
Goetz.  This lead to Goetz suing Texas
Mutual in a Travis County district court for, among other things, breach of
contract.[1]

            No one denied that the central issue
in dispute involved the effective date of the policy.  Yet, Texas Mutual argued that the subject was
related to issues of compensability and implicated the Texas Worker’s
Compensation Act.  And, because it
purportedly did, the Texas Worker’s Compensation Commission purportedly had
exclusive jurisdiction over it.  Moreover,
it convinced our sister court in Austin to accept the proposition.  See In
re Texas Mutual Ins., 157 S.W.3d 75 (Tex. App.–Austin 2004, orig. proceeding).  As a result of that court’s decision, Goetz
was obligated to submit the dispute for resolution by the TWCC.  Though various departments within that entity
disagreed, the Commission finally decided in favor of Texas Mutual.  Believing that to be the wrong answer, Goetz
initiated another suit in a Swisher County district court to test the ruling’s
accuracy.  

            The original petition filed by Goetz
included complaints about various findings of the Commission, a cause of action
sounding in breached contract for the failure to abide by the agreement with
Cattlco, and requests for damages and attorney’s fees.  Trial was convened, and the trial court
afforded a jury opportunity to resolve the controversy.  Moreover, that jury was asked if Texas Mutual
had entered “into a contract to provide worker’s compensation insurance
coverage for Cattlco . . . to be effective on or before January 22, 2003 . . .
.”  It answered “yes.”  It was also asked if Cattlco or its assignee
Goetz was “entitled to reimbursement of indemnity and medical payments for
Texas Mutual . . . that resulted from such failure to comply with the contract
to provide worker’s compensation insurance.” [2]
 The jury answered “yes” to
that question as well.  When asked about
the amount of damages that would “fairly and reasonably compensate Goetz . . .
for damages . . . that resulted from the failure of Texas Mutual . . . to
comply with the contract . . .,” the jury found approximately $39,500 to be the
appropriate sum.  Then, it found that a
reasonable attorney’s fee for the legal services provided Goetz would be
$109,971 for the preparation and trial of the matter outside the environs of
the Commission, $25,810 for the services rendered in prosecuting the matter
within the Commission, and $35,000 if various appellate steps were taken.

            After the trial court entered
judgment upon the jury’s verdict, Texas Mutual appealed.  It did not contest the findings that it had
entered into the contract and was obligated to pay damages due to its breach of
the agreement.  Rather, it merely
attacked the attorney’s fees awarded Goetz, contending, among other things, that
the suit was not actually one for breach of contract but rather for judicial
review of an administrative decision. 
Though this position seems somewhat inconsistent with the questions
submitted to the jury and about which Texas Mutual did not complain, we conclude
that the trial court lacked jurisdiction to award fees at this time.  

Law

            In Texas, attorney's fees may not be
recovered from an opposing party unless such recovery is provided for by
statute or by contract between the parties. 
Travelers Indem. Co. of Connecticut v. Mayfield, 923 S.W.2d 590,
593 (Tex. 1996).  The authorization of
attorney's fees in civil cases may not be inferred; rather it "must be
provided for by the express terms of the statute in question."  Id. (citing First City Bank– Farmers Branch
v. Guex, 677 S.W.2d 25, 30 (Tex. 1984)). 


             Next, the "Workers' Compensation Act
vests the power to award compensation benefits solely in the Workers'
Compensation Commission[], subject to judicial review."  American Motorists Ins. Co. v. Fodge,
63 S.W.3d 801, 803 (Tex. 2001) (citing
Saenz v. Fidelity & Guaranty Insurance Underwriters, 925 S.W.2d 607,
612 (Tex.1996)). Furthermore, judicial review is "limited to issues
decided by the commission’s appeals panel and on which judicial review is
sought."  Tex. Labor Code Ann. § 410.302 (Vernon 2006); see Krueger
v. Atascosa County, 155 S.W.3d 614, 619-20 (Tex. App. –San Antonio 2004, no pet.) (holding
that claimant could not assert the Downs
waiver contention in trial court, having not raised issue before appeals
panel).  And, the issues decided by the
appeals panel which may be reviewed are those addressed in the contested-case
hearing, as developed by the record of that hearing.  Tex.
Labor Code Ann. § 410.203.  It is
this procedural mechanism that we find ultimately controlling here.

            As alluded to above, we are not
writing on a clean slate.  The Austin Court
of Appeals previously determined that the substance of Goetz’ claim for
breached contract (i.e. whether the
worker’s compensation policy was effective on the date of Stanley’s injury) was
within the exclusive control of the TWCC. 
In re Texas Mutual Ins., 157
S.W.3d at 82.  Thus, we must follow that
lead.  See Justice Bail Bonds v. Samaneigo, 68 S.W.3d 811, 813 (Tex. App.–El Paso 2001, pet. denied) (discussing
the theory of law of the case).  What
this means then is that only those disputes tied to the matter of
compensability and which were addressed by the Commission could be judicially
reviewed by the trial court here. 
Whether the matter of attorney’s fees was one such topic is what we now
address.

            No one disputes that the facts and
circumstances underlying Goetz’ suit in Swisher County are those originally
presented to the Commission per the directive of the Austin Court of
Appeals.  Goetz simply plugged them into
the framework of a common law claim for breached contract.  And, because they evinced a breached
contract, it purportedly was able to use that moniker to secure attorney’s fees
under §38.001 of the Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann.
§38.001 (Vernon 2008) (providing for the recovery of attorney’s fees in causes
of action sounding in breached contract). 
Yet, a like argument was proffered and rejected by our sister court in Bestor v. Service Lloyds Ins. Co., 276
S.W.3d 549 (Tex. App.–Waco
2008, no pet.).  There, the claimant alleged
that the insurer’s refusal to pay compensation benefits was tantamount to a
breach of contract.  Therefore, he sued
Service Lloyds under that common law theory to recover the administrative
attorneys fees incurred while prosecuting his claim before the TWCC.  Despite finding logical basis to Bestor’s
legal theory, the appellate panel nonetheless concluded that logic had to
“yield to the requirement that he have exhausted his claim
administratively.”  Id. at 552.  In other words,
the question of whether he could recover his attorney’s fees fell within the
Commission’s exclusive jurisdiction.  This was so because the demand for attorney’s
fees was “based on Service Lloyd’s dispute of Bestor’s entitlement to worker’s
compensation benefits.”  Id. at 553.  It did not matter if the claim implicated contract
or tort principles causes of action; whether the Commission had exclusive
jurisdiction over it depended upon whether the claim was “based on” an alleged
delay or denial of worker’s compensation benefits.  Id.;
accord, Cigna Ins. Co. v. Killion, 50
S.W.3d 17, 20 (Tex. App.–Amarillo
2001, pet. denied) (wherein we held that a claim is within the Commission’s
exclusive jurisdiction unless it arises under a body of law other than the
Worker’s Compensation Act and involves damages which exclude compensation and
benefits encompassed by the Act); see
Cunningham Lindsey Claims Mgmt., Inc. v.
Snyder, 291 S.W.3d 472, 477 (Tex. App. –Houston [14th Dist.] 2009, pet. filed) (holding that
unless a claim for relief is not dependent, either directly or indirectly, upon
the resolution of a matter within the Commission’s exclusive jurisdiction, a
trial court may not proceed and entertain it). 


            Much like the attorney’s fees
incurred in Bestor, those sought and
awarded at bar were incurred in effort to resolve the legitimacy of Texas
Mutual’s refusal to pay worker’s compensation benefits.  That such a refusal may also be a common law
breach of contract, as found by the jury here matters not.  The Commission had and has exclusive
jurisdiction over it, and Goetz must first present it to that body for
administrative determination.

            Accordingly, we reverse that portion
of the trial court’s judgment awarding Goetz attorney’s fees and prejudgment
interest on attorney’s fees and affirm the remainder.  

 

Brian Quinn

                                                                                    Chief
Justice

 

 

 

 

 








            

 











[1]Other causes of action were also
alleged, but they are not pertinent to this appeal. 





[2]Apparently, all recognized that Texas Mutual failed to
perform the contract for a question inquiring about that was not posed to the
jury.  Nor did Texas Mutual complain
about the omission on appeal.