NO. 07-08-0279-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 25, 2010
_____

TEXAS MUTUAL INSURANCE COMPANY,

Appellant

v.

GOETZ INSURORS, INC. AND GOETZ INSURORS, INC.,
AS ASSIGNEE OF THE CLAIMS OF CATTLCO, INC.,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A-10810-05-11; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Texas Mutual Insurance Company (Texas Mutual) appeals from a final judgment wherein it claims that the trial court erred in awarding attorney's fees and prejudgment interest on attorney's fees to Goetz Insurors, Inc. and Goetz Insurors, Inc., as assignee of the claims of Cattlco, Inc. (Goetz). We reverse in part.

### Background

The story before us is a long one that started about seven years ago. It involves a feedlot, Cattlco, Inc., Stanley (a Cattlco employee), and Goetz (entities in the business

of providing insurance to Cattlco).  It begins with Goetz attempting to find worker's compensation insurance for Cattlco.  The latter's current policy was expiring and another was needed by December 31, 2002.  Texas Mutual was contacted via an initial application for insurance sent on December 20, 2002.  Per correspondence from Texas Mutual, an amended application was sent on December 30, 2002.  Accompanying it was a deposit for the requisite insurance.  Both items were received and the monies were deposited by Texas Mutual long before January 22, 2003.  The latter date is of import for that is when Stanley broke his leg while on the job.  Nevertheless, Texas Mutual denied coverage, contending that the policy had not been effective on that date.  Rather, it purportedly became effective on February 1, 2003.

While Cattlco, Goetz, and Texas Mutual quarreled over the policy's effective date, Stanley's medical needs necessitated redress.  So, Cattlco and Goetz paid for his care and settled any claims he may have had not only against Cattlco but also Texas Mutual.  Cattlco then assigned its claims against Texas Mutual for breach of contract and the like to Goetz.  This lead to Goetz suing Texas Mutual in a Travis County district court for, among other things, breach of contract.[1]

No one denied that the central issue in dispute involved the effective date of the policy.  Yet, Texas Mutual argued that the subject was related to issues of compensability and implicated the Texas Worker's Compensation Act.  And, because it purportedly did, the Texas Worker's Compensation Commission purportedly had exclusive jurisdiction over it.  Moreover, it convinced our sister court in Austin to accept the proposition.  *See In re Texas Mutual Ins.*, 157 S.W.3d 75 (Tex. App.–Austin 2004,

---

[1]Other causes of action were also alleged, but they are not pertinent to this appeal.

orig. proceeding). As a result of that court's decision, Goetz was obligated to submit the dispute for resolution by the TWCC. Though various departments within that entity disagreed, the Commission finally decided in favor of Texas Mutual. Believing that to be the wrong answer, Goetz initiated another suit in a Swisher County district court to test the ruling's accuracy.

The original petition filed by Goetz included complaints about various findings of the Commission, a cause of action sounding in breached contract for the failure to abide by the agreement with Cattlco, and requests for damages and attorney's fees. Trial was convened, and the trial court afforded a jury opportunity to resolve the controversy. Moreover, that jury was asked if Texas Mutual had entered "into a contract to provide worker's compensation insurance coverage for Cattlco . . . to be effective on or before January 22, 2003 . . . ." It answered "yes." It was also asked if Cattlco or its assignee Goetz was "entitled to reimbursement of indemnity and medical payments for Texas Mutual . . . that resulted from such failure to comply with the contract to provide worker's compensation insurance." [2] The jury answered "yes" to that question as well. When asked about the amount of damages that would "fairly and reasonably compensate Goetz . . . for damages . . . that resulted from the failure of Texas Mutual . . . to comply with the contract . . .," the jury found approximately $39,500 to be the appropriate sum. Then, it found that a reasonable attorney's fee for the legal services provided Goetz would be $109,971 for the preparation and trial of the matter outside the environs of the

---

[2] Apparently, all recognized that Texas Mutual failed to perform the contract for a question inquiring about that was not posed to the jury. Nor did Texas Mutual complain about the omission on appeal.

Commission, $25,810 for the services rendered in prosecuting the matter within the Commission, and $35,000 if various appellate steps were taken.

After the trial court entered judgment upon the jury's verdict, Texas Mutual appealed. It did not contest the findings that it had entered into the contract and was obligated to pay damages due to its breach of the agreement. Rather, it merely attacked the attorney's fees awarded Goetz, contending, among other things, that the suit was not actually one for breach of contract but rather for judicial review of an administrative decision. Though this position seems somewhat inconsistent with the questions submitted to the jury and about which Texas Mutual did not complain, we conclude that the trial court lacked jurisdiction to award fees at this time.

### *Law*

In Texas, attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties. *Travelers Indem. Co. of Connecticut v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). The authorization of attorney's fees in civil cases may not be inferred; rather it "must be provided for by the express terms of the statute in question." *Id. (citing First City Bank–Farmers Branch v. Guex,* 677 S.W.2d 25, 30 (Tex. 1984)).

Next, the "Workers' Compensation Act vests the power to award compensation benefits solely in the Workers' Compensation Commission[], subject to judicial review." *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001) (*citing Saenz v. Fidelity & Guaranty Insurance Underwriters*, 925 S.W.2d 607, 612 (Tex.1996)). Furthermore, judicial review is "limited to issues decided by the commission's appeals panel and on which judicial review is sought." TEX. LABOR CODE ANN. § 410.302

4

(Vernon 2006); *see Krueger v. Atascosa County*, 155 S.W.3d 614, 619-20 (Tex. App. –San Antonio 2004, no pet.) (holding that claimant could not assert the *Downs* waiver contention in trial court, having not raised issue before appeals panel). And, the issues decided by the appeals panel which may be reviewed are those addressed in the contested-case hearing, as developed by the record of that hearing. TEX. LABOR CODE ANN. § 410.203. It is this procedural mechanism that we find ultimately controlling here.

As alluded to above, we are not writing on a clean slate. The Austin Court of Appeals previously determined that the substance of Goetz' claim for breached contract (*i.e.* whether the worker's compensation policy was effective on the date of Stanley's injury) was within the exclusive control of the TWCC. *In re Texas Mutual Ins.*, 157 S.W.3d at 82. Thus, we must follow that lead. *See Justice Bail Bonds v. Samaneigo,* 68 S.W.3d 811, 813 (Tex. App.–El Paso 2001, pet. denied) (discussing the theory of law of the case). What this means then is that only those disputes tied to the matter of compensability and which were addressed by the Commission could be judicially reviewed by the trial court here. Whether the matter of attorney's fees was one such topic is what we now address.

No one disputes that the facts and circumstances underlying Goetz' suit in Swisher County are those originally presented to the Commission per the directive of the Austin Court of Appeals. Goetz simply plugged them into the framework of a common law claim for breached contract. And, because they evinced a breached contract, it purportedly was able to use that moniker to secure attorney's fees under §38.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.

5

CODE ANN. §38.001 (Vernon 2008) (providing for the recovery of attorney's fees in causes of action sounding in breached contract). Yet, a like argument was proffered and rejected by our sister court in *Bestor v. Service Lloyds Ins. Co.*, 276 S.W.3d 549 (Tex. App.–Waco 2008, no pet.). There, the claimant alleged that the insurer's refusal to pay compensation benefits was tantamount to a breach of contract. Therefore, he sued Service Lloyds under that common law theory to recover the administrative attorneys fees incurred while prosecuting his claim before the TWCC. Despite finding logical basis to Bestor's legal theory, the appellate panel nonetheless concluded that logic had to "yield to the requirement that he have exhausted his claim administratively." *Id.* at 552. In other words, the question of whether he could recover his attorney's fees fell within the Commission's exclusive jurisdiction. This was so because the demand for attorney's fees was "based on Service Lloyd's dispute of Bestor's entitlement to worker's compensation benefits." *Id.* at 553. It did not matter if the claim implicated contract or tort principles causes of action; whether the Commission had exclusive jurisdiction over it depended upon whether the claim was "based on" an alleged delay or denial of worker's compensation benefits. *Id.*; *accord, Cigna Ins. Co. v. Killion*, 50 S.W.3d 17, 20 (Tex. App.–Amarillo 2001, pet. denied) (wherein we held that a claim is within the Commission's exclusive jurisdiction unless it arises under a body of law other than the Worker's Compensation Act and involves damages which exclude compensation and benefits encompassed by the Act); *see Cunningham Lindsey Claims Mgmt., Inc. v. Snyder*, 291 S.W.3d 472, 477 (Tex. App. –Houston [14th Dist.] 2009, pet. filed) (holding that unless a claim for relief is not dependent, either directly or indirectly,

upon the resolution of a matter within the Commission's exclusive jurisdiction, a trial court may not proceed and entertain it).

Much like the attorney's fees incurred in *Bestor*, those sought and awarded at bar were incurred in effort to resolve the legitimacy of Texas Mutual's refusal to pay worker's compensation benefits. That such a refusal may also be a common law breach of contract, as found by the jury here matters not. The Commission had and has exclusive jurisdiction over it, and Goetz must first present it to that body for administrative determination.

Accordingly, we reverse that portion of the trial court's judgment awarding Goetz attorney's fees and prejudgment interest on attorney's fees and affirm the remainder.


Brian Quinn
Chief Justice

7