**Blanca E. MUNOZ, Appellant**

v.

**The BERNE GROUP, INC., Appellee.**

No. 04–94–00691–CV.

Court of Appeals of Texas,
San Antonio.

March 13, 1996.

---

The case was tried to a jury which returned a verdict in the employer's favor. The trial court entered judgment on the jury's verdict that Blanca Munoz take-nothing against the Berne Group. Munoz appeals alleging that the trial court abused its discretion in failing to submit her requested instruction on the employers' duty to provide a safe place to work. She also alleges that the trial court committed reversible error by allowing the jury panel in this case to remain in the court room while he received a verdict in another similar case. We affirm.

## Jury Instruction

In her first point of error, Munoz alleges that the trial court erred by failing to submit her requested jury instruction on Berne Group's duty to provide a safe work place. Munoz' requested instruction provided:

Every employer shall furnish and maintain employment and a place of employment which shall install, maintain and use such methods, processes, devices and safeguards, including methods of sanitation and hygiene, as are reasonably necessary to protect the life, health, and safety of such employees, and shall do every other thing reasonably necessary to render safe employment and place of employment.

A failure to comply with the law is negligence itself.

"SAFE" as applied to employment or places of employment, means freedom to employees from occupational injury as the nature of the employment reasonably permits.

"SAFEGUARD" means any practicable method of mitigating or perverting occupational injury.

The trial court has considerable discretion in submitting explanatory instructions and definitions. In fact, the trial court has more discretion when submitting instructions than it has in submitting jury questions. *Perez v. Weingarten Realty Investors*, 881 S.W.2d 490, 496 (Tex.App.—San Antonio 1994, writ denied); *Berry Property Management v. Bliskey*, 850 S.W.2d 644, 661 (Tex. App.—Corpus Christi 1993, writ dism'd).

Juan Carlos Martinez, David A. Whipple, and William P. Durland, Kugle, Byrne & Alworth, San Antonio, for appellant.

Tracy McCormack and Elizabeth M. Galaway, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Austin, for appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This case involves a claim for personal injuries sustained by an employee, Blanca Munoz, while she was in the course and scope of her employment. The employer, The Berne Group, Inc., is a non-subscriber under the workers' compensation scheme.

The trial court's decision will not be reversed unless an abuse of discretion can be shown. *Id.* The foregoing instruction may have been a proper instruction in this type of case. However, the trial court has considerable discretion when deciding which instructions and definitions to include. Further, there is a preservation problem.

This instruction was requested as a part of a complete charge requested by the plaintiff. The court's charge differed, however, from the plaintiff's requested charge. It did not contain the instruction which the plaintiff had requested in his complete charge. During the formal charge conference, though, the plaintiff did not object to the omission of the instruction. Furthermore, the trial court did not endorse the instruction as refused or rejected. We really don't know how the trial court was thinking. Did he disagree with the instruction and deny it substantially or, did he simply not notice it?

▮ In order to preserve a point for appellate review, a party must make its objection known to the court in a timely and clear fashion and obtain a ruling. *See* TEX. R.APP.P. 52(a); *State Dept. of Highways v. Payne,* 838 S.W.2d 235, 241 (Tex.1992). When dealing with a proposed jury instruction which the trial court refuses to submit, we are guided by Texas Rule of Civil Procedure 276 which provides as follows:

> When an instruction, question, or definition is requested and the provisions of the law have been complied with and the trial judge refuses the same, the judge shall endorse thereon "Refused," and sign the same officially ... Such refused or modified instruction, question, or definition, when so endorsed shall constitute a bill of exceptions, and it shall be conclusively presumed that the party asking the same presented it at the proper time, excepted to its refusal or modification, and that all the requirements of law have been observed, and such procedure shall entitle the party requesting the same to have the action of the trial judge thereon reviewed without preparing a formal bill of exceptions.

In this case, Munoz did not secure the notation "Refused" on her requested instruction.

The Berne Group argues that the failure to secure the "Refused" notation is by itself waiver. We do not agree. Rule 276 makes clear that the trial judge's notation of "Refused" or "Modified" on the requested instruction results in a legal presumption that the issue has been preserved for review. *See Chemical Exp. Carriers, Inc. v. Pina,* 819 S.W.2d 585, 589 (Tex.App.—El Paso 1991, writ denied). However, the rule does not make this the exclusive method by which the refusal to give a jury instruction can be preserved for appellate review.

▮ Preservation of error concerning jury charges is an evolving area of the law. *Matthiessen v. Schaefer,* 900 S.W.2d 792, 797 (Tex.App.—San Antonio 1995, writ denied). The Texas Supreme Court has provided the philosophical underpinnings for rules concerning the preservation of error when objecting to the charge. "There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *Payne,* 838 S.W.2d at 241.

In this case, the court's failure to write "Refused" on the rejected instruction is not dispositive. However, there is no indication that Munoz' attorney did anything to bring this matter to the court's attention. Tendering this instruction to the court in the form of an entire proposed charge, with nothing more, was insufficient to preserve error. At the formal charge conference, the only objection Munoz' attorney made was to the inclusion of an unavoidable accident instruction. There was no effective attempt that we can find on the record to indicate it was brought to the court's attention that Munoz objected to the lack of an instruction on the duty to provide a safe work place. The judge may, or may not, have been aware that this requested instruction was tucked away in the requested charge.

It was argued before our court that "a safe place to work" was what this case was all about. However, a complete statement of facts of the trial itself was not requested by the plaintiff and is not before this court. Therefore, while we have Munoz' assertion

that was what the case was all about, we have no statement of facts to verify whether that was true or not. *See* TEX.R.APP.P. 50(d). This point of error has not been fully preserved for review. To the degree it has been preserved, the trial court has considerable discretion in deciding which instructions a jury is to receive. We overrule Munoz' first point of error.

**Voir Dire**

 In his second point of error, Munoz alleges that the trial court erred by allowing the jury panel to be present during the reading of a verdict by a jury in another, similar case. During the voir dire in this case, the trial court received a verdict in another case. Munoz alleges that the other case was similar and that the verdict read back favored the defendant. According to Munoz, the jury panel in her case was prejudiced because it was present during the reading of the verdict in the other case.

We agree with appellant that it is not a good practice for a trial court to allow jurors from one case to hear the verdict of another jury. But, for it to be reversible error, actual harm must be shown.

Voir dire examination is a matter left to the trial court's discretion, and the standard of review is whether the trial court abused that discretion. *T.E.I.A. v. Loesch,* 538 S.W.2d 435, 441 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.); *Daggett v. McReynolds,* 459 S.W.2d 475, 477 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). Any error must be such that it was reasonably calculated to cause and probably did cause the rendition of an improper verdict. TEX. R.APP.P. 81(b)(1). We need not address whether the trial court abused its discretion because Munoz cannot demonstrate reversible error under rule 81(b)(1). When the trial court suspended the voir dire, the prospective jurors were given the option of leaving the court room. Some prospective jurors remained in the court room while others left. While it is possible that a selected juror heard the verdict read, we have no way of knowing who they are, much less if it improperly influenced them. Munoz fails to point to one any juror that was ultimately

chosen for her jury that remained for the reading of the verdict in the other case. *See e.g., Gem Homes, Inc. v. Contreras,* 861 S.W.2d 449, 458 (Tex.App.—El Paso 1993, no writ); *Beavers v. Northrop Worldwide Aircraft Servs., Inc.,* 821 S.W.2d 669, 673 (Tex. App.—Amarillo 1991, writ denied). We overrule Munoz' second point of error.

We affirm the judgment.