**Donna ROSKEY, Appellant,**

v.

**CONTINENTAL CASUALTY COMPANY; RSKCo Services, Inc.; RSKCo Cost Management Services, Inc.; RSKCo Consulting Services, Inc.; Machelle Davidson; Margie Kling; Carol Schellenberg; and Steve Wilson, Appellees.**

**No. 05–05–00043–CV.**

Court of Appeals of Texas, Dallas.

April 11, 2006.

Rehearing Overruled May 15, 2006.

J. Mark Sudderth, Noteboom-The Law Firm, Hurst, for Appellant.

David Brenner, Burns, Anderson, Jury & Brenner L.L.P., Austin, for Appellee.

Before Justices RICHTER, LANG, and MAZZANT.

## OPINION

Opinion by Justice LANG.

Following an occupational injury, appellant Donna Roskey asserted a claim for workers' compensation benefits. Subsequently, she sued appellees Continental Casualty Company, RSKCo Services, Inc., RSKCo Cost Management Services, Inc., RSKCo Consulting Services, Inc., Machelle Davidson, Margie Kling, Carol Schellenberg, and Steve Wilson for personal injury damages. She alleged her personal injury damages arose out of appellees' statutory and common-law bad faith in: (a) denying compensability of her injuries, (b) delaying approval of her necessary medical treatment, and (c) delaying payment of her

workers' compensation indemnity benefits. Appellees filed a plea to the jurisdiction, alleging that primary jurisdiction over disputed medical benefits lies with the Texas Workers' Compensation Commission and that Roskey failed to exhaust her administration remedies with regard to medical preauthorization disputes. The trial court granted the plea to the jurisdiction and dismissed all of Roskey's claims for want of jurisdiction.

On appeal, Roskey argues that the trial court erred in granting appellees' plea to the jurisdiction, or alternatively, that she should have been given an opportunity to amend her pleading to further demonstrate jurisdiction. We decide against Roskey. The trial court's order of dismissal for want of jurisdiction is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Donna Roskey asserted a claim for workers' compensation benefits for a February 24, 1998 occupational injury. At the time of her injury, Continental Casualty Company was the workers' compensation carrier for her employer.

Roskey's suit was filed in Tarrant County, but the case was later transferred to Dallas County and her original petition was filed in Dallas County on May 15, 2003. In her petition, Roskey alleged appellees breached their duty of good faith and fair dealing, violated the Texas Deceptive Trade Practices Act, and violated the Texas Insurance Code by improperly and unreasonably denying her workers' compensation claims and delaying approval and payment of her workers' compensation benefits. In their answer, filed in Dallas County on May 15, 2003, appellees asserted a plea to the jurisdiction in which they argued that the trial court lacked jurisdiction because primary jurisdiction over disputed medical benefits lies with the Texas Workers' Compensation Commission and Roskey's petition failed to allege any facts demonstrating exhaustion of administrative remedies.

Following the filing of appellant's petition and appellees' plea to the jurisdiction and answer, Roskey's original counsel was permitted to withdraw as her attorney in an order dated November 20, 2003. Roskey was represented by new counsel by at least June 22, 2004 when the trial court signed the parties' agreed scheduling order. The agreed scheduling order provided for mediation, the discovery period closed on September 30, 2004, and any amended pleadings were to be filed "no later than seven (7) days after the end of the discovery period." While the parties pursued settlement under the scheduling order, the hearing on the plea to the jurisdiction was reset from an earlier setting to October 13, 2004. No response was ever filed by Roskey to appellees' plea to the jurisdiction, nor did she amend her petition.

On October 13, 2004, a hearing on appellees' plea to the jurisdiction was held. Roskey argued that appellees' jurisdictional argument was misplaced because the issues regarding claims and benefits in question had been resolved either by final ruling of the Texas Workers' Compensation Commission or by appellees' eventual decision to provide the benefits. However, she did not identify or produce evidence of any administrative ruling by the Texas Workers' Compensation Commission that determined she was entitled to the benefits allegedly delayed or denied to her by appellees. At the hearing, Roskey made an oral request for leave to amend, arguing that if there was a deficiency in her pleading, she should be given an opportunity to amend since the petition did not affirmatively demonstrate incurable defects in jurisdiction.

The trial court sustained appellees' plea to the jurisdiction and dismissed the case for want of jurisdiction. Roskey then filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## II. STANDARD OF REVIEW

### A. Plea to the Jurisdiction

■■■ A plea to jurisdiction contests a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999); *Benefit Realty Corp. v. City of Carrollton,* 141 S.W.3d 346, 348 (Tex.App.-Dallas 2004, pet. denied). The purpose of the plea "is not to force the plaintiffs to preview their case on the merits, but to establish a reason why the merits of the plaintiffs' claims should never be reached." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Whether a court has subject matter jurisdiction is a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). Accordingly, we review a challenge to the trial court's subject matter jurisdiction de novo. *Miranda,* 133 S.W.3d at 228.

■■■ When reviewing a plea to jurisdiction, we must look to the allegations in the pleadings, construe them in the plaintiff's favor, and look to the pleader's intent. *See County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002); *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989). In doing so, we consider the facts alleged in the petition, and to the extent relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court. *Blue,* 34 S.W.3d at 555. The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Ass'n of Bus.*

*v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction and the defect is incurable, then the cause is properly dismissed. *Peek,* 779 S.W.2d at 804–05. However, when the plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Brown,* 80 S.W.3d at 555.

### B. Leave to Amend

Under Texas Rule of Civil Procedure 63, a party is permitted to file amended pleadings without leave of court up to seven days before trial. TEX.R. CIV. P. 63. However, the seven-day deadline does not apply when the trial court has entered a scheduling order pursuant to rule 166 setting a different deadline. TEX.R. CIV. P. 63; *see G.R.A.V.I.T.Y. Enterps., Inc. v. Reece Supply Co.,* 177 S.W.3d 537, 543 (Tex.App.-Dallas 2005, no pet.).

■■■ "The [trial] court is given wide discretion in managing its docket, and we will not interfere with the exercise of that discretion absent a showing of clear abuse." *Clanton v. Clark,* 639 S.W.2d 929, 931 (Tex.1982). Accordingly, we review the trial court's decision whether to grant leave to file an amendment for abuse of discretion. *Greenhalgh v. Serv. Lloyds Ins. Co.,* 787 S.W.2d 938, 939 (Tex.1990); *Graham v. Adesa Tex., Inc.,* 145 S.W.3d 769, 775 (Tex.App.-Dallas 2004, pet. filed). The trial court's enforcement of a scheduling order is also reviewed for abuse of discretion. *G.R.A.V.I.T.Y.,* 177 S.W.3d at 542; *Wil–Roye Inv. Co. II v. Washington Mut. Bank, FA,* 142 S.W.3d 393, 401 (Tex. App.-El Paso 2004, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to

any guiding rules and principles. *Adams v. First Nat'l Bank,* 154 S.W.3d 859, 876 (Tex.App.-Dallas 2005, no pet.).

### III. APPLICABLE LAW—JURISDICTION OF THE TEXAS WORKERS' COMPENSATION COMMISSION

In their plea to the jurisdiction, appellees argued that the trial court lacked jurisdiction because primary jurisdiction over disputed medical benefits lies with the Texas Workers' Compensation Commission. "Under the exclusive jurisdiction doctrine, the Legislature grants an administrative agency the sole authority to make the initial determination in a dispute." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex.2002). If an agency has exclusive jurisdiction, courts have no subject matter jurisdiction over the dispute until the party has exhausted all of the administrative remedies within the agency. *See In re Entergy Corp.,* 142 S.W.3d 316, 321–22 (Tex.2004); *Subaru of Am., Inc.,* 84 S.W.3d at 221. Absent subject matter jurisdiction, the trial court must dismiss any claim within the agency's exclusive jurisdiction. *See In re Entergy Corp.,* 142 S.W.3d at 322.

The Texas Workers' Compensation Act provides that the recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance for a work-related injury. *See* TEX. LAB.CODE ANN. § 408.001(a) (Vernon 2006). "The Workers' Compensation Act vests the power to award compensation benefits solely in the Workers' Compensation Commission, subject to judicial review." *Am. Motorists Co. v. Fodge,* 63 S.W.3d 801, 803 (Tex.2001) (citing *Saenz v. Fid. & Guar. Ins. Underwriters,* 925 S.W.2d 607, 612 (Tex.1996)). *See* TEX. LAB.CODE ANN. §§ 408.001(a), 410.168–.169, .203–.205, .208

(Vernon 2006). Medical benefits and income benefits are included within the definition of benefits. *See* TEX. LAB.CODE ANN. § 401.011(5) (Vernon Supp.2006); *In re Tex. Mut. Ins. Co.,* 157 S.W.3d 75, 78 (Tex.App.-Austin 2004, orig. proceeding). Furthermore, the Commission has jurisdiction over preauthorization of medical care. *Fodge,* 63 S.W.3d at 803; *In re Tex. Mut. Ins. Co.,* No. 05–05–00944–CV, 2005 WL 1763562, at *1 (Tex.App.-Dallas July 27, 2005, orig. proceeding).

In *Fodge,* the Texas Supreme Court concluded that, because only the Commission can determine a claimant's entitlement to compensation benefits, " 'allowing courts to award damages for wrongful deprivation of benefits would circumvent the Commission's jurisdiction' and therefore could not be permitted." *Fodge,* 63 S.W.3d at 804 (quoting *Saenz,* 925 S.W.2d at 612). "Thus, just as a court cannot award compensation benefits, except on appeal from a Commission ruling, neither can it award damages for a denial in payment of compensation benefits without a determination by the Commission that such benefits were due." *Fodge,* 63 S.W.3d at 804.

### IV. APPLICATION OF LAW TO FACTS

Now we address Roskey's contentions. First, Roskey contends the trial court has jurisdiction to consider her claims for damages allegedly caused by appellees' wrongful delay of benefits for three reasons: (1) compensability is not at issue, (2) primary jurisdiction does not lie elsewhere, and (3) there are no administrative remedies to exhaust. Alternatively, she argues that the trial court abused her discretion in denying appellant's oral request for leave to amend.

The trial court makes its determination of jurisdiction based upon what is presented in the pleading and at the hearing. *See*

*Blue,* 34 S.W.3d at 555. Although the trial court may not consider the merits of the underlying claims when determining jurisdiction, it is appellant's burden to allege facts affirmatively demonstrating the trial court's jurisdiction. *See Fodge,* 63 S.W.3d at 803; *Blue,* 34 S.W.3d at 554; *Miranda,* 133 S.W.3d at 226. However, Roskey made no allegations of fact in her petition which support jurisdiction. Additionally, she did not amend her pleading or otherwise offer facts to reflect that she had exhausted her administrative remedies or that she need not do so. On this record, we conclude appellant did not meet her burden since she failed to plead any jurisdictional facts.

■ Second, we address Roskey's argument that the trial court abused her discretion in denying the oral request for leave to amend that she made at the hearing on the plea to the jurisdiction. Appellees' plea to the jurisdiction was filed on May 15, 2003. Roskey's new counsel began representing her by at least June 22, 2004 when the trial court signed the parties' agreed scheduling order. The scheduling order provided the discovery period closed on September 30, 2004 and that any amended pleadings were to be filed "no later than seven (7) days after the end of the discovery period." That time for amended pleadings expired on October 7, 2004. Appellant did not seek leave to amend her pleadings until she made an oral request at the hearing on the plea to the jurisdiction on October 13, 2004.

Although generally a party should be granted leave to amend to address jurisdictional issues, appellant failed to take advantage of the opportunity to freely amend from the date of appellees' filing of the plea to the jurisdiction on May 15, 2003 until the end of the period allowed by the scheduling order, just six days prior to the date of the hearing. The trial court may exercise discretion to manage the orderly proceeding of the cases in her court. *See Clanton,* 639 S.W.2d at 931. Since the hearing on the plea took place approximately seventeen months after the plea was filed and the record shows no request or effort to amend until the October 13, 2004 hearing, which was after the time for repleading, we cannot conclude the trial court abused her discretion by refusing to grant leave to amend.

## V. CONCLUSION

We conclude appellant did not meet her burden in the trial court of demonstrating jurisdiction. Furthermore, the trial court did not abuse her discretion in denying appellant's oral request for leave to amend. The trial court's order of dismissal is affirmed.