

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00304-CV

---

TAMMIE JONES                                              APPELLANT

V.

NATALIA FERNANDEZ CORTES                                  APPELLEE

----------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Following a jury verdict in favor of appellee Natalia Fernandez Cortes, appellant Tammie Jones appeals the trial court's take-nothing judgment on her negligence and gross negligence claims, which she brought as a result of injuries she says she sustained by falling in appellee's home. In appellant's first issue, she contends that the trial court erred by charging the jury based on her status as a licensee rather than an invitee and by stating in a supplemental jury charge that

---

[1]*See* Tex. R. App. P. 47.4.

appellee's knowledge of potential danger to appellant was required to exist "at the time of the occurrence in question." In her second issue, appellant argues that the trial court erred by denying her motion for leave to join Carolina Cortes, appellee's sister-in-law, as an additional party and by striking appellant's fifth amended petition, which attempted to join Carolina. We affirm.

## Background Facts

Appellant is a licensed vocational nurse. In 2004, she contracted to work at homes where she cared for critically ill children. According to appellant, in March of that year, while she was in appellee's house to care for Carolina's infant son, who had just been released from a hospital, appellant slipped and fell on a wet, slick floor.[2] At the time of the slip-and-fall incident, appellee was not at home. Over the course of the next several months, medical professionals treated injuries to appellant's feet, neck, and shoulders.

In March 2006, appellant sued appellee, alleging that the floor of appellee's home had been recently mopped when appellant fell and that appellee's negligence proximately caused appellant's injuries.[3] Appellee answered by asserting a general denial and pleading that appellant's own negligence caused her injuries.

---

[2]Appellant testified that when she fell, her "whole body came down on [her] shoulder."

[3]Appellant later amended her petition several times. The fourth amended petition added a claim for gross negligence and sought punitive damages.

After the jury heard evidence regarding appellant's claims, the trial court charged the jury through the following language:

## QUESTION NO. 1:

Did the negligence, if any, of [appellee or appellant] proximately cause the occurrence in question?

"Ordinary care," when used with respect to the conduct of [appellee], as an owner or occupier of a premises, means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.

With respect to the condition of the premises, [appellee] was negligent if:

    a.    the condition posed an unreasonable risk of harm, and

    b.    [appellee] had actual knowledge of the danger, and

    c.    [appellant] did not have actual knowledge of the danger; and

    d.    [appellee] failed to exercise ordinary care to protect [appellant] from the danger . . . .[4]

---

[4]This is the standard of care owed to a licensee rather than an invitee. "An owner or occupier of land must use reasonable care to protect an invitee from known conditions that create an unreasonable risk of harm *and conditions that should be discovered by the exercise of reasonable care.*" *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 910 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (emphasis added). On the other hand, "[a]n owner or occupier of land must refrain from injuring a licensee willfully, wantonly, or through gross negligence; the owner or occupier who has actual knowledge of a dangerous condition unknown to the licensee must warn of or make safe the dangerous condition." *Id.*; *see State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh'g) ("[A] licensee must prove that the premises owner actually knew of the dangerous condition, while an invitee need only prove that the owner knew or reasonably should have known.").

After receiving the charge, the jury asked the trial court in writing, "Q[uestion] 1, Part B & C: Actual knowledge of the danger: pertain to that specific date?" The court responded by issuing a supplemental charge that stated, "With regard to elements b & c, 'knowledge' pertains to the time of the occurrence in question."

After deliberating, the jury found that neither appellee's nor appellant's negligence proximately caused appellant's injuries. Based on the jury's verdict, the trial court entered a take-nothing judgment and taxed appellee's costs against appellant. Appellant brought this appeal.

**Jury Charge Issues**

In part of her first issue, appellant argues that the trial court erred by charging the jury about a standard of care that was based on her status as a licensee rather than an invitee. She contends that throughout the litigation, she had asserted her status as an invitee. Appellee contends that appellant waived this part of her first issue, and we agree.

The trial court must submit instructions and definitions that properly enable the jury to render a verdict. Tex. R. Civ. P. 277. As we have stated many times, however,

> To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. If a party fails to do this, error is not preserved, and the complaint is waived. The objecting party must get a ruling from the trial court. This ruling can be either express or implied.

4

*Magnuson v. Mullen*, 65 S.W.3d 815, 829 (Tex. App.—Fort Worth 2002, pet. denied) (footnotes and citations omitted); *see* Tex. R. App. P. 33.1(a); *Faust v. BNSF Ry. Co.*, 337 S.W.3d 325, 330 (Tex. App.—Fort Worth 2011, pet. filed) ("An objection to the jury charge must timely and plainly make the trial court aware of the complaint, and the complaining party must obtain a ruling."); *see also* Tex. R. Civ. P. 274 ("A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint . . . is waived unless specifically included in the objections.").

"There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *Payne*, 838 S.W.2d at 241. If a party fails to do this, error is not preserved, and the complaint is waived. *See Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

On April 5, 2010, appellant filed a document titled, "Plaintiff's Supplemental Proposed Instructions and Jury Questions." This document requested the inclusion of language that would have required the jury to apply a standard of care associated with appellant's alleged status as an invitee while she worked in appellee's home.[5] But during a charge conference on April 7, 2010, appellant did

---

[5]The proposed language would have instructed the jury to find appellee negligent if appellee knew or reasonably should have known of a danger and failed to adequately warn appellant of the danger or make the condition reasonably safe.

not mention the charge that she had proposed; instead, the following exchange occurred:

> THE COURT: Back on the record. Let the record reflect that the attorney for the plaintiff and the attorney for the defense have both been provided copies of the proposed charge of the Court. They have had an opportunity to review the same. And outside the hearing and the presence of the jury, is there any objection to the Court's charge from the Plaintiff's perspective?
>
> [APPELLANT'S COUNSEL]: Your Honor, I would object to [appellant] being down as far as -- as being negligent. I don't think there is any evidence that she was negligent. *And other than that, I don't think I have any, Your Honor.* [Emphasis added.]

The trial court overruled appellant's objection and submitted its charge to the jury.

There is no indication in the record that has been made available to us that the trial court ever noticed or considered appellant's written proposed charge. Appellant seems to suggest in a footnote in her brief either that part of her objections to the jury charge were not recorded or that only part of the record related to her objections to the jury charge has been filed.[6] Appellee represents in her brief, however, that appellant "never objected to the court's charge on the grounds that it applied the standard applicable to licensees rather than invitees." "We cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as

---

[6]During oral argument, however, appellant's counsel said that the "reason we . . . asked for a partial record is because there was no indication as far an objection to the charge."

filed." *Quorum Int'l. v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) (citing *Dominguez v. Gilbert*, 48 S.W.3d 789, 794 (Tex. App.—Austin 2001, no pet.)).[7]

Rule of civil procedure 276 provides in part, "When an instruction, question, or definition is requested and the provisions of the law have been complied with and the trial judge refuses the same, the judge shall endorse thereon 'Refused,' and sign the same officially." Tex. R. Civ. P. 276. Appellant's proposed charge does not contain any such endorsement. And although an endorsement is not the only means of obtaining a ruling, if there is no endorsement, the record must establish that the trial court otherwise ruled on the request, expressly or implicitly, for potential error to be preserved. *See* Tex. R. App. P. 33.1(a); *Marshall v. Harris Cnty. Mun. Util. Dist. No. 358*, No. 01-07-00910-CV, 2011 WL 286167, at *11–12 (Tex. App.—Houston [1st Dist.] Jan. 20, 2011, pet. filed) (mem. op.) (holding that although the appellant filed a proposed jury charge, the appellant did not preserve error because the trial court did not endorse the proposed charge, and the appellant did not call the trial

---

[7]We also note that in her request for the preparation of a partial reporter's record, appellant did not include a statement of the points or issues she intended to present. *See* Tex. R. App. P. 34.6(c)(1). And in her notice of appeal, appellant did not state that she intended to appeal any issues related to the court's initial jury charge. We must therefore presume that any omitted portions of the reporter's record support the trial court's judgment on this issue. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (explaining that the burden is on an appellant to ensure that a sufficient record is presented to show error); *CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 440 (Tex. App.—Fort Worth 1999, no pet.).

court's attention to the portions of the proposed charge that were complained about on appeal); *Coates v. Coates*, No. 05-08-00440-CV, 2009 WL 679592, at *2 (Tex. App.—Dallas Mar. 17, 2009, pet. denied) (mem. op.) ("Appellants do not refer us to any place in the record where they drew the court's attention to their pretrial jury charge in any way, so the filing of that document preserved no error."); *Munoz v. Berne Group, Inc.*, 919 S.W.2d 470, 472 (Tex. App.—San Antonio 1996, no writ) ("Tendering this instruction to the court in the form of an entire proposed charge, with nothing more, was insufficient to preserve error.").

Appellant has not established that she called the trial court's attention to her proposed jury charge and obtained a ruling on it. In the brief charge conference that has been made available to us, appellant represented that she had no objections to the trial court's charge other than to the jury being asked to determine whether she was negligent. Under the authority cited above, therefore, we hold that appellant waived her complaint about whether the jury charge should have included a standard of care related to her alleged status as an invitee rather than a licensee. *See* Tex. R. App. P. 33.1(a). We overrule that part of appellant's first issue.

In the second part of her first issue, appellant contends that the trial court erred by giving the jury the supplemental charge described above. The record does not establish that appellant objected to the supplemental charge. In appellant's brief, she stated that she "objected that the Court's proposed

8

'supplemental charge' to the jury . . . constituted a comment on the evidence."[8] But during oral argument, appellant's counsel conceded, "I don't believe that there was an objection on the record to . . . the judge's . . . explanation to the jury that . . . the defendant would have to . . . have knowledge of the occurrence at the time of the incident."

The principles of error preservation discussed above apply to supplemental jury instructions. *See Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 602 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Golden v. First City Nat'l. Bank in Grand Prairie*, 751 S.W.2d 639, 642–43 (Tex. App.—Dallas 1988, no writ). Because appellant has not shown that she timely objected to the trial court's supplemental charge, we hold that she failed to preserve her complaint about it, and we overrule the remainder of her first issue.

### Appellant's Attempts to Join Carolina as a Defendant

In her second issue, appellant argues that the trial court erred by refusing to allow her to join Carolina as a defendant and by striking her fifth amended petition, which attempted to join Carolina. A trial court is given a great deal of discretion in matters of joinder, and "its decision on such procedural issues will not be disturbed on appeal absent an abuse of discretion." *Varme v. Gordon*, 881 S.W.2d 877, 882 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (citing *Allison v. Ark. La. Gas Co.*, 624 S.W.2d 566, 568 (Tex. 1981)). A trial court's

---

[8]Appellant made this claim in her motion for new trial, but the record does not establish that she made the claim during the trial.

enforcement of its scheduling orders is likewise reviewed for abuse of discretion. *Roskey v. Cont'l Cas. Co.*, 190 S.W.3d 875, 879 (Tex. App.—Dallas 2006, pet. denied); *G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 542 (Tex. App.—Dallas 2005, no pet.); *see Clanton v. Clark*, 639 S.W.2d 929, 930 (Tex. 1982) (stating that a trial court has a duty to expeditiously dispose of its cases and explaining that the court therefore has "wide discretion in managing its docket").

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). We cannot conclude that a trial court abused its discretion merely because we would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

Appellant filed her original petition in March 2006 (based on the slip-and-fall accident that occurred in March 2004). She amended her petition several times in the following months, but she did not join Carolina through any of those amendments.[9] In November 2006, the trial court entered a scheduling order that established a pleading amendment deadline of June 11, 2007 and a trial date of

---

[9]Appellant amended her petition in March 2006 (four days after filing the original petition), March 2007, May 2007, and June 2007.

10

June 25, 2007. The day after the trial court signed the scheduling order, appellee provided appellant with answers to interrogatories, including Carolina's address.[10]

In May 2007, appellant's counsel wrote a letter to appellee's counsel stating that the address that appellee had provided for Carolina was incorrect. Days later, appellee's counsel wrote a letter to appellant's counsel that stated in part, "[W]ith respect to the address of Carolina Cortes, you have as much information as we have. I have confirmed once again that the address provided is the only address my client has for [Carolina]."

The June 11, 2007 pleading amendment deadline passed without appellant suing Carolina. On June 18, 2007, appellant filed a motion to compel appellee to provide Carolina's current address. The trial did not begin on June 25, 2007; instead, on August 2, 2007, the trial court entered an amended scheduling order that established a new pleading amendment deadline of August 3, 2007 and a trial date of October 15, 2007. The amended scheduling order also contained a handwritten instruction stating, "No additional parties may be joined without approval of the Court."[11] Counsel for appellant and appellee signed the amended scheduling order. Like the first pleading amendment

---

[10]Carolina and her son stopped living with appellee in December 2004.

[11]Appellant did not formally object to the handwritten instruction or any other part of the scheduling order.

11

deadline, the second deadline of August 3, 2007 passed without appellant joining Carolina as a defendant.

In September 2007, however, about a month before the scheduled trial date, appellant sought leave to join Carolina. Appellant contended that she had been "prevented from discovering the whereabouts of Carolina" because appellee had still not provided a valid address for her. Appellee responded to the motion, contending that it was not timely and that the address provided for Carolina was indeed valid. Appellant did not, however, initially obtain a hearing on her motion for leave or a ruling on it. Instead, she requested a continuance.[12] In March 2008, the trial court entered a second amended scheduling order that established a new pleading amendment deadline of July 18, 2008 and a trial date of September 29, 2008. Like the first amended scheduling order, the second amended scheduling order also stated that no additional parties could be joined without approval of the trial court.

Once again, appellant did not join Carolina as a defendant before the pleading amendment deadline. But she continued to ask the trial court to grant leave to join Carolina, and she insisted that appellee had abused the discovery process by not disclosing Carolina's correct address. Appellee, still opposing the

---

[12]The motion for continuance was based in part on appellant's desire to schedule a deposition for her surgeon.

motion for leave, persisted in her argument that appellant had a valid address for Carolina.[13]

Following a hearing on July 31, 2008, the trial court denied appellant's motion for leave.[14] Nonetheless, in August 2008, appellant filed a fifth amended petition that named Carolina as a defendant. In response, appellee filed a motion to strike the fifth amended petition. Appellant responded to the motion to strike, and she filed a motion for reconsideration of her motion for leave, but the trial court denied her motion for reconsideration and granted appellee's motion to strike.

To summarize these facts, the trial court's scheduling orders established specific pleading amendment deadlines. All of these deadlines expired without appellant amending her petition to join Carolina. Under the rules of civil procedure, "necessary or proper parties to the suit . . . may be brought in, either by the plaintiff or the defendant, *upon such terms as the court may prescribe*; but

---

[13]Appellant's claim that appellee had not provided a correct address ultimately proved to be false. Appellant had attached a copy of a returned certified mail envelope dated January 2007 to her September 2007 motion for leave to join Carolina. The envelope was addressed to Carolina at an address in Greensboro, North Carolina. But in August 2008, the Secretary of State delivered, through certified mail, a copy of a citation and appellant's fifth amended petition to Carolina at the same address, in Greensboro, that appellee had provided in 2006. Carolina signed the return receipt.

[14]We do not have a record of that hearing. Appellant represents that the trial court denied leave for her to join Carolina as a defendant at the July 31, 2008 hearing because the court was concerned about protecting Carolina's due process rights since she had not been served with citation.

13

not at a time nor in a manner to unreasonably delay the trial of the case." Tex. R. Civ. P. 37 (emphasis added). Here, appellant failed to sue Carolina under the terms prescribed by the trial court.

Also, both of the trial court's rulings concerning whether appellant could join Carolina came within sixty days of dates that the trial court had set for the trial to begin. When appellant finally secured a hearing on her September 2007 motion for leave to join Carolina on July 31, 2008, trial had been set for September 29, 2008. The trial was also scheduled to begin within sixty days of January 8, 2009, the date that appellant obtained a hearing on her motion for reconsideration of her motion for leave. During the January 8, 2009 hearing, the trial court seemed to express concern that allowing Carolina to be joined would delay the trial. The judge stated,

> Last time . . . we were here on this matter we were inside 60 days before trial and I said I wasn't going to add any new parties to a case that's two and a half years old on the eve of trial. And once again, we are inside 60 days before trial and now the case is three years old and my position is unchanged.

We conclude that the trial court's concern about adding Carolina as a defendant within sixty days of the trial was reasonable because doing so could have delayed the trial date, which had already been rescheduled several times, even if appellant represented that it would not have. In appellee's motion to strike appellant's fifth amended petition, appellee represented that if Carolina was added to the suit, appellee would have desired to "develop substantial

14

factual evidence through additional discovery."[15] Also, Carolina might have wanted to propound her own discovery or to file dispositive motions.

Thus, based on the trial court's reasonable concern about adding Carolina within sixty days of trial and on appellant's overall lack of diligence in following the trial court's scheduling orders and in timely seeking to join Carolina as a defendant, we hold that the trial court did not abuse its discretion by refusing to allow appellant to join Carolina.[16]  *See Lindley v. Johnson*, 936 S.W.2d 53, 55 (Tex. App.—Tyler 1996, writ denied) (op. on reh'g) ("[A] trial court is empowered to establish pretrial schedules to govern the course of litigation."); *see also In re Arthur Andersen LLP*, 121 S.W.3d 471, 483 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand. denied]) ("A court's decision on joinder should be based on practical considerations with a view to what is fair and orderly."); *Fireman's Fund Ins. Co. v. McDaniel*, 327 S.W.2d 358, 373 (Tex. Civ. App.—Beaumont 1959, no writ) ("A court has great discretion as to whether or not to permit joinder of additional parties, and its decision in such matters is generally based on practical considerations with a view to fair, orderly and timely

---

[15]During the January 8, 2009 hearing, appellee attempted to respond to appellant's assertion that adding Carolina would not delay the trial, but the trial court told appellee that no response was necessary.  Appellee had, however, argued at the July 31, 2008 hearing that adding Carolina would delay the trial.

[16]Although the trial did not actually begin until April 2010, the record does not indicate that appellant raised the issue of joining Carolina again after the trial court's ruling in January 2009.

prosecution and disposal of pending litigation."). We overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT, J.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: September 8, 2011