02-10-304-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00304-CV

 

 


 
 
 Tammie Jones
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Natalia Fernandez Cortes
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 352nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Following
a jury verdict in favor of appellee Natalia Fernandez Cortes, appellant Tammie
Jones appeals the trial court’s take-nothing judgment on her negligence and
gross negligence claims, which she brought as a result of injuries she says she
sustained by falling in appellee’s home.  In appellant’s first issue, she
contends that the trial court erred by charging the jury based on her status as
a licensee rather than an invitee and by stating in a supplemental jury charge that
appellee’s knowledge of potential danger to appellant was required to
exist “at the time of the occurrence in question.”  In her second issue,
appellant argues that the trial court erred by denying her motion for leave to join
Carolina Cortes, appellee’s sister-in-law, as an additional party and by
striking appellant’s fifth amended petition, which attempted to join Carolina.  We
affirm.

Background
Facts

          Appellant
is a licensed vocational nurse.  In 2004, she contracted to work at homes where
she cared for critically ill children.  According to appellant, in March of
that year, while she was in appellee’s house to care for Carolina’s infant son,
who had just been released from a hospital, appellant slipped and fell on a
wet, slick floor.[2]  At the time of the slip-and-fall
incident, appellee was not at home.  Over the course of the next several
months, medical professionals treated injuries to appellant’s feet, neck, and
shoulders.

          In
March 2006, appellant sued appellee, alleging that the floor of appellee’s home
had been recently mopped when appellant fell and that appellee’s negligence
proximately caused appellant’s injuries.[3]  Appellee answered by
asserting a general denial and pleading that appellant’s own negligence caused
her injuries.

          After
the jury heard evidence regarding appellant’s claims, the trial court charged
the jury through the following language:

          QUESTION NO. 1:

          Did the negligence, if any, of [appellee or
appellant] proximately cause the occurrence in question?

          “Ordinary care,” when used with respect to the
conduct of [appellee], as an owner or occupier of a premises, means that degree
of care that would be used by an owner or occupier of ordinary prudence under
the same or similar circumstances.

          With respect to the condition of the premises,
[appellee] was negligent if:  

          a.       the condition posed an unreasonable
risk of harm, and

          b.       [appellee] had actual knowledge of the
danger, and

          c.       [appellant] did not have actual
knowledge of the danger; and

          d.       [appellee] failed to exercise ordinary
care to protect [appellant] from the danger . . . .[[4]]

          After
receiving the charge, the jury asked the trial court in writing, “Q[uestion] 1,
Part B & C:  Actual knowledge of the danger:  pertain to that specific
date?”  The court responded by issuing a supplemental charge that stated, “With
regard to elements b & c, ‘knowledge’ pertains to the time of the
occurrence in question.”

          After
deliberating, the jury found that neither appellee’s nor appellant’s negligence
proximately caused appellant’s injuries.  Based on the jury’s verdict, the
trial court entered a take-nothing judgment and taxed appellee’s costs against
appellant.  Appellant brought this appeal.

Jury
Charge Issues

          In
part of her first issue, appellant argues that the trial court erred by
charging the jury about a standard of care that was based on her status as a
licensee rather than an invitee.  She contends that throughout the litigation,
she had asserted her status as an invitee.  Appellee contends that appellant
waived this part of her first issue, and we agree.

          The
trial court must submit instructions and definitions that properly enable the
jury to render a verdict.  Tex. R. Civ. P. 277.  As we have stated many times,
however,

          To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  If a party
fails to do this, error is not preserved, and the complaint is waived.  The
objecting party must get a ruling from the trial court.  This ruling can be
either express or implied.

Magnuson
v. Mullen, 65 S.W.3d 815, 829 (Tex. App.—Fort Worth 2002, pet.
denied) (footnotes and citations omitted); see Tex. R. App. P. 33.1(a); Faust
v. BNSF Ry. Co., 337 S.W.3d 325, 330 (Tex. App.—Fort Worth 2011, pet.
filed) (“An objection to the jury charge must timely and plainly make the trial
court aware of the complaint, and the complaining party must obtain a ruling.”);
see also Tex. R. Civ. P. 274 (“A party objecting to a charge must
point out distinctly the objectionable matter and the grounds of the objection.
 Any complaint . . . is waived unless specifically included in the
objections.”).

          “There
should be but one test for determining if a party has preserved error in the
jury charge, and that is whether the party made the trial court aware of the
complaint, timely and plainly, and obtained a ruling.”  Payne, 838
S.W.2d at 241.  If a party fails to do this, error is not preserved, and the
complaint is waived.  See Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh’g).

          On
April 5, 2010, appellant filed a document titled, “Plaintiff’s Supplemental
Proposed Instructions and Jury Questions.”  This document requested the
inclusion of language that would have required the jury to apply a standard of
care associated with appellant’s alleged status as an invitee while she worked
in appellee’s home.[5]  But during a charge
conference on April 7, 2010, appellant did not mention the charge that she had
proposed; instead, the following exchange occurred:

          THE COURT:  Back on the record.  Let the record
reflect that the attorney for the plaintiff and the attorney for the defense
have both been provided copies of the proposed charge of the Court.  They have
had an opportunity to review the same.  And outside the hearing and the
presence of the jury, is there any objection to the Court’s charge from the
Plaintiff’s perspective?

          [APPELLANT’S COUNSEL]:  Your Honor, I would
object to [appellant] being down as far as -- as being negligent.  I don’t
think there is any evidence that she was negligent.  And other than that, I
don’t think I have any, Your Honor.  [Emphasis added.]

The trial
court overruled appellant’s objection and submitted its charge to the jury.

          There
is no indication in the record that has been made available to us that the
trial court ever noticed or considered appellant’s written proposed charge.  Appellant
seems to suggest in a footnote in her brief either that part of her objections
to the jury charge were not recorded or that only part of the record related to
her objections to the jury charge has been filed.[6] 
Appellee represents in her brief, however, that appellant “never objected to
the court’s charge on the grounds that it applied the standard applicable to
licensees rather than invitees.”  “We cannot look outside the record in an
effort to discover relevant facts omitted by the parties; rather, we are bound
to determine this case on the record as filed.”  Quorum Int’l. v. Tarrant
Appraisal Dist., 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet.
denied) (citing Dominguez v. Gilbert, 48 S.W.3d 789, 794 (Tex. App.—Austin
2001, no pet.)).[7]

          Rule
of civil procedure 276 provides in part, “When an instruction, question, or
definition is requested and the provisions of the law have been complied with
and the trial judge refuses the same, the judge shall endorse thereon ‘Refused,’
and sign the same officially.”  Tex. R. Civ. P. 276.  Appellant’s proposed
charge does not contain any such endorsement.  And although an endorsement is
not the only means of obtaining a ruling, if there is no endorsement, the
record must establish that the trial court otherwise ruled on the request,
expressly or implicitly, for potential error to be preserved.  See Tex. R.
App. P. 33.1(a); Marshall v. Harris Cnty. Mun. Util. Dist. No. 358, No. 01-07-00910-CV,
2011 WL 286167, at *11–12 (Tex. App.—Houston [1st Dist.] Jan. 20, 2011,
pet. filed) (mem. op.) (holding that although the appellant filed a proposed
jury charge, the appellant did not preserve error because the trial court did
not endorse the proposed charge, and the appellant did not call the trial
court’s attention to the portions of the proposed charge that were complained
about on appeal); Coates v. Coates, No. 05-08-00440-CV, 2009 WL 679592, at *2
(Tex. App.—Dallas Mar. 17, 2009, pet. denied) (mem. op.) (“Appellants do not
refer us to any place in the record where they drew the court’s attention to
their pretrial jury charge in any way, so the filing of that document preserved
no error.”); Munoz v. Berne Group, Inc., 919 S.W.2d 470, 472 (Tex. App.—San
Antonio 1996, no writ) (“Tendering this instruction to the court in the form of
an entire proposed charge, with nothing more, was insufficient to preserve
error.”).

          Appellant
has not established that she called the trial court’s attention to her proposed
jury charge and obtained a ruling on it.  In the brief charge conference that
has been made available to us, appellant represented that she had no objections
to the trial court’s charge other than to the jury being asked to determine
whether she was negligent.  Under the authority cited above, therefore, we hold
that appellant waived her complaint about whether the jury charge should have
included a standard of care related to her alleged status as an invitee rather
than a licensee.  See Tex. R. App. P. 33.1(a).  We overrule that part of
appellant’s first issue.

          In
the second part of her first issue, appellant contends that the trial court
erred by giving the jury the supplemental charge described above.  The record
does not establish that appellant objected to the supplemental charge.  In appellant’s
brief, she stated that she “objected that the Court’s proposed ‘supplemental
charge’ to the jury . . . constituted a comment on the evidence.”[8] 
But during oral argument, appellant’s counsel conceded, “I don’t believe that
there was an objection on the record to . . . the judge’s . . . explanation to
the jury that . . . the defendant would have to . . . have knowledge of the
occurrence at the time of the incident.”

          The
principles of error preservation discussed above apply to supplemental jury
instructions.  See Bayer Corp. v. DX Terminals, Ltd., 214 S.W.3d 586,
602 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); Golden v. First City
Nat’l. Bank in Grand Prairie, 751 S.W.2d 639, 642–43 (Tex. App.—Dallas
1988, no writ).  Because appellant has not shown that she timely objected to
the trial court’s supplemental charge, we hold that she failed to preserve her
complaint about it, and we overrule the remainder of her first issue.

Appellant’s
Attempts to Join Carolina as a Defendant

          In
her second issue, appellant argues that the trial court erred by refusing to
allow her to join Carolina as a defendant and by striking her fifth amended
petition, which attempted to join Carolina.  A trial court is given a great
deal of discretion in matters of joinder, and “its decision on such procedural
issues will not be disturbed on appeal absent an abuse of discretion.”  Varme
v. Gordon, 881 S.W.2d 877, 882 (Tex. App.—Houston [14th Dist.] 1994, writ
denied) (citing Allison v. Ark. La. Gas Co., 624 S.W.2d 566, 568 (Tex. 1981)). 
A trial court’s enforcement of its scheduling orders is likewise reviewed for
abuse of discretion.  Roskey v. Cont’l Cas. Co., 190 S.W.3d 875, 879
(Tex. App.—Dallas 2006, pet. denied); G.R.A.V.I.T.Y. Enters., Inc. v. Reece
Supply Co., 177 S.W.3d 537, 542 (Tex. App.—Dallas 2005, no pet.); see
Clanton v. Clark, 639 S.W.2d 929, 930 (Tex. 1982) (stating that a trial
court has a duty to expeditiously dispose of its cases and explaining that the
court therefore has “wide discretion in managing its docket”).

          To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Low
v. Henry, 221 S.W.3d 609, 614 (Tex. 2007); Cire v. Cummings, 134
S.W.3d 835, 838–39 (Tex. 2004).  We cannot conclude that a trial court abused
its discretion merely because we would have ruled differently in the same
circumstances.  E.I. du Pont de Nemours & Co. v. Robinson, 923
S.W.2d 549, 558 (Tex. 1995); see also Low, 221 S.W.3d at 620.

          Appellant
filed her original petition in March 2006 (based on the slip-and-fall accident
that occurred in March 2004).  She amended her petition several times in the
following months, but she did not join Carolina through any of those
amendments.[9]  In November 2006, the
trial court entered a scheduling order that established a pleading amendment deadline
of June 11, 2007 and a trial date of June 25, 2007.  The day after the trial
court signed the scheduling order, appellee provided appellant with answers to
interrogatories, including Carolina’s address.[10]

          In
May 2007, appellant’s counsel wrote a letter to appellee’s counsel stating that
the address that appellee had provided for Carolina was incorrect.  Days later,
appellee’s counsel wrote a letter to appellant’s counsel that stated in part, “[W]ith
respect to the address of Carolina Cortes, you have as much information as we
have.  I have confirmed once again that the address provided is the only
address my client has for [Carolina].”

          The
June 11, 2007 pleading amendment deadline passed without appellant suing
Carolina.  On June 18, 2007, appellant filed a motion to compel appellee to
provide Carolina’s current address.  The trial did not begin on June 25, 2007;
instead, on August 2, 2007, the trial court entered an amended scheduling order
that established a new pleading amendment deadline of August 3, 2007 and a trial
date of October 15, 2007.  The amended scheduling order also contained a handwritten
instruction stating, “No additional parties may be joined without approval of
the Court.”[11]  Counsel for appellant
and appellee signed the amended scheduling order.  Like the first pleading
amendment deadline, the second deadline of August 3, 2007 passed without
appellant joining Carolina as a defendant.

          In
September 2007, however, about a month before the scheduled trial date, appellant
sought leave to join Carolina.  Appellant contended that she had been
“prevented from discovering the whereabouts of Carolina” because appellee had
still not provided a valid address for her.  Appellee responded to the motion, contending
that it was not timely and that the address provided for Carolina was indeed
valid.  Appellant did not, however, initially obtain a hearing on her motion
for leave or a ruling on it.  Instead, she requested a continuance.[12]
 In March 2008, the trial court entered a second amended scheduling order that
established a new pleading amendment deadline of July 18, 2008 and a trial date
of September 29, 2008.  Like the first amended scheduling order, the second amended
scheduling order also stated that no additional parties could be joined without
approval of the trial court.

          Once
again, appellant did not join Carolina as a defendant before the pleading amendment
deadline.  But she continued to ask the trial court to grant leave to join
Carolina, and she insisted that appellee had abused the discovery process by
not disclosing Carolina’s correct address.  Appellee, still opposing the motion
for leave, persisted in her argument that appellant had a valid address for
Carolina.[13]

          Following
a hearing on July 31, 2008, the trial court denied appellant’s motion for leave.[14] 
Nonetheless, in August 2008, appellant filed a fifth amended petition that named
Carolina as a defendant.  In response, appellee filed a motion to strike the fifth
amended petition.  Appellant responded to the motion to strike, and she filed a
motion for reconsideration of her motion for leave, but the trial court denied
her motion for reconsideration and granted appellee’s motion to strike.

          To
summarize these facts, the trial court’s scheduling orders established specific
pleading amendment deadlines.  All of these deadlines expired without appellant
amending her petition to join Carolina.  Under the rules of civil procedure,
“necessary or proper parties to the suit . . . may be brought in, either by the
plaintiff or the defendant, upon such terms as the court may prescribe;
but not at a time nor in a manner to unreasonably delay the trial of the case.” 
Tex. R. Civ. P. 37 (emphasis added).  Here, appellant failed to sue Carolina
under the terms prescribed by the trial court.

          Also,
both of the trial court’s rulings concerning whether appellant could join
Carolina came within sixty days of dates that the trial court had set for the trial
to begin.  When appellant finally secured a hearing on her September 2007
motion for leave to join Carolina on July 31, 2008, trial had been set for
September 29, 2008.  The trial was also scheduled to begin within sixty days of
January 8, 2009, the date that appellant obtained a hearing on her motion for
reconsideration of her motion for leave.  During the January 8, 2009 hearing,
the trial court seemed to express concern that allowing Carolina to be joined
would delay the trial.  The judge stated, 

Last time . . . we were here on this matter we were
inside 60 days before trial and I said I wasn’t going to add any new parties to
a case that’s two and a half years old on the eve of trial.  And once again, we
are inside 60 days before trial and now the case is three years old and my
position is unchanged.

          We
conclude that the trial court’s concern about adding Carolina as a defendant
within sixty days of the trial was reasonable because doing so could have
delayed the trial date, which had already been rescheduled several times, even
if appellant represented that it would not have.  In appellee’s motion to
strike appellant’s fifth amended petition, appellee represented that if
Carolina was added to the suit, appellee would have desired to “develop
substantial factual evidence through additional discovery.”[15]
Also, Carolina might have wanted to propound her own discovery or to file
dispositive motions.

          Thus,
based on the trial court’s reasonable concern about adding Carolina within
sixty days of trial and on appellant’s overall lack of diligence in following
the trial court’s scheduling orders and in timely seeking to join Carolina as a
defendant, we hold that the trial court did not abuse its discretion by
refusing to allow appellant to join Carolina.[16]  See Lindley v.
Johnson, 936 S.W.2d 53, 55 (Tex. App.—Tyler 1996, writ denied) (op. on
reh’g) (“[A] trial court is empowered to establish pretrial schedules to govern
the course of litigation.”); see also In re Arthur Andersen LLP, 121
S.W.3d 471, 483 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand.
denied]) (“A court’s decision on joinder should be based on practical
considerations with a view to what is fair and orderly.”); Fireman’s Fund
Ins. Co. v. McDaniel, 327 S.W.2d 358, 373 (Tex. Civ. App.—Beaumont 1959, no writ) (“A court has great discretion as to whether or
not to permit joinder of additional parties, and its decision in such matters
is generally based on practical considerations with a view to fair, orderly and
timely prosecution and disposal of pending litigation.”).  We overrule
appellant’s second issue.

Conclusion

          Having
overruled both of appellant’s issues, we affirm the trial court’s judgment.

          

          

 

7TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT, J.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by
Assignment).

 

DELIVERED:  September 8,
2011









[1]See Tex. R. App. P. 47.4.





[2]Appellant testified that
when she fell, her “whole body came down on [her] shoulder.”





[3]Appellant later amended
her petition several times.  The fourth amended petition added a claim for
gross negligence and sought punitive damages.





[4]This is the standard of
care owed to a licensee rather than an invitee.  “An owner or occupier of
land must use reasonable care to protect an invitee from known conditions that
create an unreasonable risk of harm and conditions that should be discovered
by the exercise of reasonable care.”  Mayer v. Willowbrook Plaza
Ltd. P’ship, 278 S.W.3d 901, 910 (Tex. App.—Houston [14th Dist.] 2009, no
pet.) (emphasis added).  On the other hand, “[a]n owner or occupier of land
must refrain from injuring a licensee willfully, wantonly, or through gross
negligence; the owner or occupier who has actual knowledge of a dangerous
condition unknown to the licensee must warn of or make safe the dangerous
condition.”  Id.; see State Dep’t of Highways & Pub. Transp. v.
Payne, 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh’g) (“[A] licensee must
prove that the premises owner actually knew of the dangerous condition, while
an invitee need only prove that the owner knew or reasonably should have
known.”).





[5]The proposed language
would have instructed the jury to find appellee negligent if appellee knew or
reasonably should have known of a danger and failed to adequately warn
appellant of the danger or make the condition reasonably safe.





[6]During oral argument,
however, appellant’s counsel said that the “reason we . . . asked for a partial
record is because there was no indication as far an objection to the charge.”





[7]We also note that in her
request for the preparation of a partial reporter’s record, appellant did not
include a statement of the points or issues she intended to present.  See Tex.
R. App. P. 34.6(c)(1).  And in her notice of appeal, appellant did not state
that she intended to appeal any issues related to the court’s initial jury
charge.  We must therefore presume that any omitted portions of the reporter’s
record support the trial court’s judgment on this issue.  See Christiansen
v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (explaining that the burden
is on an appellant to ensure that a sufficient record is presented to show
error); CMM Grain Co. v. Ozgunduz, 991 S.W.2d 437, 440 (Tex. App.—Fort
Worth 1999, no pet.).





[8]Appellant made this claim
in her motion for new trial, but the record does not establish that she made
the claim during the trial.





[9]Appellant amended her petition
in March 2006 (four days after filing the original petition), March 2007, May
2007, and June 2007.





[10]Carolina and her son
stopped living with appellee in December 2004.





[11]Appellant did not
formally object to the handwritten instruction or any other part of the
scheduling order.





[12]The motion for
continuance was based in part on appellant’s desire to schedule a deposition
for her surgeon.





[13]Appellant’s claim that
appellee had not provided a correct address ultimately proved to be false. 
Appellant had attached a copy of a returned certified mail envelope dated
January 2007 to her September 2007 motion for leave to join Carolina.  The
envelope was addressed to Carolina at an address in Greensboro, North
Carolina.  But in August 2008, the Secretary of State delivered, through
certified mail, a copy of a citation and appellant’s fifth amended petition to
Carolina at the same address, in Greensboro, that appellee had provided in
2006.  Carolina signed the return receipt.





[14]We do not have a record
of that hearing.  Appellant represents that the trial court denied leave for
her to join Carolina as a defendant at the July 31, 2008 hearing because the
court was concerned about protecting Carolina’s due process rights since she
had not been served with citation.





[15]During the January 8,
2009 hearing, appellee attempted to respond to appellant’s assertion that
adding Carolina would not delay the trial, but the trial court told appellee
that no response was necessary.  Appellee had, however, argued at the July 31,
2008 hearing that adding Carolina would delay the trial.





[16]Although the trial did
not actually begin until April 2010, the record does not indicate that
appellant raised the issue of joining Carolina again after the trial court’s
ruling in January 2009.